JOHN E. ADDIX et al., Appellants, *v.* SAMUEL FAHNESTOCK et al., Appellees.

### APPEAL FROM MARSHALL.

An appeal is not allowed to a party from a judgment in his own favor ; he must prosecute a writ of error.

MOTION to dismiss appeal on the part of appellees.

T. L. DICKEY, for appellees.

N. H. PURPLE, for appellants.

TREAT, C. J. Addix and others recovered a judgment against Merryman for $300. An appeal was allowed them; and they executed a bond conditional for the due prosecution of the appeal, and for the payment of whatever judgment should be rendered against them in the supreme court. A motion is now made to dismiss the appeal.

The statute provides, that " appeal from the circuit courts to the supreme court shall be allowed in all cases where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of twenty dollars, or relate to a franchise or freehold;" and it requires the appellant to enter into bond in a sum, " sufficient to cover the amount of the judgment appealed from and all costs, and conditioned for the payment of the judgment, costs, interest, and damages, in case the judgment shall be affirmed, and also for the due prosecution of said appeal." This statute only contemplates an appeal by the party against whom the judgment is rendered. It requires the appellant to give security for the payment of the judgment, in the event it shall be affirmed. If the design was to allow a party to appeal from a judgment in his own favor, he would not be required to execute such an obligation. If the successful party is dissatisfied with the judgment, he must prosecute a writ of error for its reversal. That is the only mode in which he can have the case reviewed in this court. The appeal must be dismissed.