Carr *v.* Miner.

## Carr *v.* Miner.

(April Term, 1865.)

1. Appeal—*when it will lie—construction of act of* 1865. Prior to the passage of the act of 1865, allowing appeals to be prosecuted from all judgments, etc., upon which a writ of error might be sued out, a party could not have an appeal from a judgment in his own favor; the only mode by which he could have the case reviewed was by writ of error.

2. And that act is prospective, only, in its operation in that regard; so a judgment rendered before its passage is not within its operation.

3. Supersedeas—*when granted.* A supersedeas will not be granted on the application of a plaintiff in error who seeks the reversal of a judgment in his own favor.

4. Same—*its effect.* The granting of a supersedeas will not have the effect to prevent the clerk of the court below from issuing his fee bills to collect the costs in the cause, occasioned by the parties respectively; it would only restrain the successful party from proceeding under his judgment.

This cause came to this court by appeal. The appellant moved for a rule upon the appellee to join in error. A cross motion was entered to dismiss the appeal, upon the ground that the judgment appealed from was in favor of the party taking the appeal.

In opposition to the cross motion, the act of February 16, 1865. Sess. Acts, p. 3, was cited, as showing that an appeal will lie in all cases in which a writ of error may be prosecuted.

Per Curiam: We have often decided that under the law as it existed prior to the passage of the act cited, a party could not prosecute an *appeal* from a judgment which was in his favor. If a successful party was dissatisfied with his judgment, the only mode by which he could have the case reviewed in this court was by writ of error. *Addix* v. *Fahnestock*, 15 Ill.

3—40th Ill.

448; *Roth* v. *Smith*, MSS. April Term, 1864. The act of 1865, cited by the appellant, while it allows appeals to be prosecuted from all judgments upon which a writ of error may be sued out, will not help the case at bar. That act is prospective only in its operation as regards the provision mentioned. The judgment appealed from was rendered before the passage of that act, and is not within its operation.

The appeal must be dismissed.

*Appeal dismissed.*

The appellant thereupon, by leave of the court, withdrew the record, and refiled it, asking that a writ of error issue, to be made a supersedeas.

Per Curiam: The judgment below is in favor of the plaintiff here, who now asks that the writ of error be made a supersedeas. We see nothing to be superseded. He surely does not require the restraining power of this court to prevent him from pressing the collection of his own judgment. A supersedeas, if allowed, would not have the effect to prevent the clerk from issuing his fee bill to collect the costs occasioned by the parties respectively; it would only restrain the successful party from proceeding under his own judgment, which he need not do unless he chooses so to do.

The application for a supersedeas is denied.