### LISS *v.* WILCOXEN.

JURISDICTION OF SUPREME COURT — *in actions of unlawful detainer.*   The judgment and proceedings of a probate court, in an action of unlawful detainer, may be removed into this court by writ of error.[*]

*Error to Probate Court, Gilpin County.*

Mr. WILCOXEN appearing in his own cause, now moved to dismiss the writ of error upon the ground that the court had no authority to proceed in this manner.

---

[*] The same decision was given at this term in *Hoyt* v. *Macon*, which was an action on the case.

The language of the statute giving the writ of error in actions of this kind, is as follows (R. S. 336) : "Appeals and writs of error to the supreme court from the judgments of the district court, and writs of error to the judgment of any probate court in proceedings under this chapter, shall be allowed as in other cases."

Mr. ROCKWELL appeared for plaintiff in error.

HALLETT, C. J.    The action was unlawful detainer, founded upon the statute (R. S. 332), by the 17th section of which it is provided that writs of error may be issued in cases of this kind, as in other cases.    As there is no statute regulating the practice upon writ of error from this court to the probate court, in other cases, it is claimed that this provision of the act relating to forcible entry and detainer is ineffectual.    By the act of congress of 1863 (12 Stat. 700), it is provided that writs of error, bills of exceptions and appeals shall be allowed from the final decisions of district and probate courts, to the supreme court, under such regulations as shall be prescribed by law.    The organic act (12 Stat. 174) contained the same provision as to district courts, in pursuance of which the legislative assembly, in 1861, prescribed the manner of taking appeals, and of granting a supersedeas upon writ of error, and limited the time for prosecuting such writs.    In this act the practice upon writ of error was not prescribed, except as to the manner of making it a supersedeas, and this is a limitation of the effect of the writ, rather than a grant of power to issue it.    In the language used, the writ is recognized as existing process, and as the practice was well enough regulated by the common law, in which the writ originated, it was, doubtless, thought to be unnecessary to enter into that matter.    Upon this hypothesis we have always proceeded in causes brought into this court from district courts by writ of error, and the practice has not been questioned hitherto.    In 1864, the legislative assembly provided for appeals and writs of error, from judgments and decisions of probate courts to this court, in like manner and under the same restrictions, regula-

tions and provisions as in cases determined in district courts (3d Sess , p. 119) ; but this act was repealed in the following year (4th Sess., p. 100), and provision was made for removing causes from probate to district courts by appeal. It will be observed that in the act of 1864, which expressly authorized the removal of causes from probate courts to this court, by writ of error, no attempt was made to define the practice otherwise than according to the practice in the district court, and as we have seen, the practice in the latter court had not been defined by statute, except as to the supersedeas. From the organization of the territory to that time, the writ of error, as now known, had been used for removing causes from district courts to this court, and the act of 1864 must be regarded as affirming the regularity of the proceeding.

The power of the legislative assembly to confer upon district courts appellate jurisdiction in causes originating in probate courts, was denied in *Cass* v. *Davis*, 1 Col. 44, upon the ground that this court alone was invested with such jurisdiction, and since that decision, notwithstanding the repeal of the act of 1864, it has always been the practice to remove causes from probate courts into this court, by writ of error, excepting the short time during which this court was deprived of that power by act of congress, as hereinafter explained.

The jurisdiction of this court to proceed in that manner, although not questioned, was, probably, maintained upon the ground that the writ of error given by the statute of 1863 was common-law process, which needed not the aid of the legislative assembly to make it effectual. If, as we concede, the legislative assembly has power to regulate the time and manner of issuing the writ, and the terms upon which it shall become a supersedeas, it is not absolutely necessary that this should be done. The office of the writ of error is fully explained by the common law, and congress having authorized this court to issue it, the jurisdiction to hear and determine causes, brought into this court

by means of that writ, is complete without further action of the legislative assembly

A different view of the proceeding by appeal, with which we are not, at present, concerned, has been taken in this court, but it seems unnecessary to point out the distinction between the remedy by appeal and by writ of error. In our jurisprudence the appeal is founded upon statute, by which all essential qualities must be prescribed ; but the writ of error was framed, and fully equipped for service, in the common law, in which condition it is believed that it has been transmitted to us.

By act of congress of May 4, 1870 (16 Stat. 96), provision was made for appeals from probate to district courts, under such proper regulations as should be prescribed by the law of the territory, and it was further enacted, that no appeal, or writ of error, should be allowed from a probate court to the supreme court; but this latter clause was soon afterward amended, and the writ of error from this court to probate courts, as it existed prior to May 4, 1870, was restored.     16 Stat. 279.

For some years prior to May, 4. 1870, causes were removed into this court from probate courts, by writ of error, as before stated; and if it should be conceded that the practice was unwarranted, it has been expressly recognized and adopted by congress in the act of July 14, 1870, above referred to. In that act it is declared, "that writs of error shall be allowed from any decision of a probate court to the supreme court of said territory, in the same manner they were allowed before the passage of the act" of May 4, and this warrants the presumption that congress was informed of the use which had been made of the writ, and intended to continue it. If it should be conceded that the practice prior to May 4, 1870, was unwarranted, it must also be conceded that it was revived and sanctioned by the later act, so that if we are wrong in supposing that a perfect writ was given, by the act of 1863, we cannot be wrong in saying that it now exists.

The jurisdiction of the court to hear and determine this cause rests upon the authority of the several acts referred to, and the motion to dismiss will be denied.

*Motion denied.*