## ROBERT FROST, EXR. etc.

### *v.*

## SALUDER HOWARD *et al.*

PRACTICE IN SUPREME COURT—*when a party may have his own decree reversed.* Where, on bill to foreclose a mortgage, there is no service on part of the defendants, and no guardian *ad litem* is appointed for such as are shown to be minors, the complainant may have a decree of foreclosure against all the defendants, in his favor, reversed.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. H. CASE, for the plaintiff in error.

Per CURIAM: This was a bill for the foreclosure of a mortgage executed by Blackstone W. Howard, deceased, filed against his widow and heirs. A decree of foreclosure passed, and the plaintiff brings the record here, by writ of error, to reverse the decree in his own favor.

Three of the persons named in the bill as heirs of Blackstone W. Howard, and to whom summons was issued to answer the bill, were not served with the summons, or otherwise brought into court.

The bill also alleged that four of the defendants, embracing three who were served, were infants, and asked that a guardian *ad litem* be appointed for them. The record does not show the appointment of any guardian *ad litem* for them.

There appears to be error in the record in the respects named, and we think appellant entitled to have the decree reversed on account thereof, although the decree is in his own favor.    It is an ineffectual decree, with respect to a portion of the mortgaged interest in the land.

The decree is reversed, and the cause remanded for further proceedings.

*Decree reversed.*