## BERNARD et al. *v.* BOGGS.

Where a judgment or decree is rendered after the Code went into effect, in a cause commenced prior thereto, the only mode of review, by the party in *whose favor* the judgment or decree is rendered, is by appeal under the provisions of the Code.

*Appeal from District Court of Hinsdale County.*

Mr. C. S. THOMAS, for appellee, now moved to dismiss this appeal.

*Per Curiam.* In taking his appeal, the appellant in this case has followed the practice prescribed by the Revised Statutes. The conditions of the appeal bond prescribed by section 41 of the Practice Act (R. S. 513), show that an appeal by a party in whose favor a judgment or decree is rendered, was not contemplated by the statute. The condition that the appellant shall pay the judgment, costs, interest and damages, in case the judgment shall be affirmed, can only apply where the party, against whom the judgment is rendered, is the appellant.

A party, in whose favor a judgment is rendered, cannot appeal under this act. This has been the uniform ruling of the supreme court of Illinois, under a similar statute. *Addix* v. *Fahnestock*, 15 Ill. 448; *Carr* v. *Mines*, 40 id. 33.

Under the rule laid down in the case of *Willoughby* v. *George, ante,* p. 22, the decree having been rendered after the Code went into effect, the writ of error would not lie.

Where a judgment or decree is rendered after the Code went into effect, in a cause commenced prior thereto, the only mode of review by the *party* in *whose favor* the *judgment* or decree is rendered, is by appeal under the provisions of the Code.

Motion to dismiss allowed, without prejudice.

*Dismissed.*