*White & Mullahay*, for appellants.
*H. C. Dillon* and *M. J. Forham*, for appellees.

---

## HALL *et al.* v. THE PAY ROCK CONSOLIDATED MINING COMPANY.

*(Supreme Court of Colorado, December Term, 1881—Appeal from the District Court of Clear Creek County.)*

1. PRACTICE—NO APPEAL BY SUCCESSFUL PARTY—JURISDICTION. The act of 24th of February, 1879, does not confer the right of appeal upon the party in whose favor judgment is rendered. Where the successful party is dissatisfied with his judgment, the only mode of review in the Supreme Court is by writ of error. Joinder in error upon appeal does not remove the objection, as consent cannot confer jurisdiction.

ELBERT, C. J. On the 25th day of June, 1879, the appellants recovered judgment in the District Court of Clear Creek county for ninety-five dollars, and being dissatisfied therewith took their appeal under the act of the 24th of February, 1879.

A party *in whose favor* a judgment is rendered cannot appeal under this act. The statutory condition that the appellant shall pay the judgment, costs, interest and damages in case the judgment shall be affirmed, can only apply where the party against whom the judgment is rendered, is the appellant.

This was held by the Court in the case of *Bernard et al.* v. *Boggs*, 4 Colo., 73, where the appeal was under the 41st section Revised Statutes, 513, of which section 26, of the act of February 24, 1879, is a literal transcript. Such also has been the uniform holding by the Supreme Court of Illinois under a similar statute. *Addix* v. *Fahnestock*, 15 Ill., 448; *Carr* v. *Morris*, 40 Ill., 33.

Joinder in error does not remove the objection, as consent cannot confer jurisdiction *Peabody* v. *Thatcher et al.*, 3 Colo. 275.

Where a successful party is dissatisfied with his judgment, the only mode of review in this Court is by writ of error. The appeal must be dismissed.

*W. T. Hughes*, for appellants.
*R. S. Morrison*, for appellee.