## Meyer v. Brophy et al.

APPEAL — JURISDICTIONAL AMOUNT — INTERVENTION.— In replevin, where a plea of intervention was filed by a third person, there was a general verdict and judgment in favor of plaintiff without any mention of the plea of intervention. *Held* that, appeals being allowable only when a judgment "shall amount, exclusive of costs, to the sum of $100, or relate to a franchise or freehold" (Code Civil Proc. § 388), and intervenor's liability for costs being less than that sum, even if the judgment be treated as a dismissal of the intervention, an appeal by intervenor would not lie.

*Appeal from District Court of Phillips County.*

Messrs. Smith & Muntzing, for appellant.

Chief Justice Helm delivered the opinion of the court.

Appellee White instituted a suit in replevin in the county court against appellee Brophy to recover the possession of certain described animals. Brophy, who is White's nephew, left the country without answering the complaint, and default was entered against him.

Appellant filed his plea of intervention under the statute, asserting his right to immediate possession of the property by virtue of a chattel mortgage from Brophy duly executed and recorded. To this plea of intervention an answer was filed by White, and a replication to the answer followed. Under these pleadings, the controversy litigated related to Brophy's ownership of the chattels and right to give the mortgage in question.

The cause reached the district court by appeal, and was there tried *de novo*. A general verdict was reported by the jury in favor of plaintiff for a return of the property, or if such return were not made, then for the value thereof. A general judgment based upon this verdict, and corresponding therewith, was entered by the court. No mention is made of the plea of intervention, nor is there any order or judgment expressly disposing of the issues thus framed.

The assumption by intervenor that he is liable under the judgment for a return of the property or the value thereof is manifestly erroneous. The record shows that, upon failure of defendant in the original suit to give a forthcoming bond, the property was by the sheriff delivered to plaintiff in pursuance of law. Intervenor never obtained the possession, and therefore could not have been liable for a return, or for the value in case a return were not made. The judgment simply determines the right of property as between White and Brophy, plaintiff and defendant in the original suit; it imposes no liability upon intervenor.

The court is, in cases like the one at bar, required by statute to "determine upon the intervention." Code Civil Proc. § 24. The trial of the intervention issues may take place in connection with the trial of the principal case, but the court should either in the final replevin judgment, or by order or judgment prior thereto, expressly decide the intervention controversy; and, if the result be adverse to intervenor, the costs of the intervention must be adjudged against him. Id.; Pom. Rem. & Rem. Rights, § 430.

We need not now consider whether a judgment in the replevin suit finding the right of possession in favor of the original plaintiff or defendant can, under any circumstances, be regarded as equivalent to a dismissal of the plea of intervention. For, in any event, the present appeal must fail. If there is no final order or judgment against intervenor, obviously there is nothing for him to review under the statute, either by appeal or by writ of error. *Owen v. Going*, 7 Colo. 85; *Alvord v. McGaughey*, 5 Colo. 244. While if the judgment before us be treated as in legal effect a dismissal of the plea of intervention, the liability of intervenor thereunder is less than $100, exclusive of costs, and, no franchise or freehold being involved, an appeal does not lie. Code Civil Proc. § 388. The appeal is dismissed.

*Dismissed.*