18 354
18 583
18 354
19 167
18 354
20 202
18 354
21 199
18 354
24 191
18 354
27 473
18 354
18a 223
18a 384
18 354
33 185
19a 31
19a 32
18 354
35 380
35 451

## HARVEY ET AL., APPELLANTS, v. TRAVELERS INS. CO. ET AL., APPELLEES.

1. STATUTE OF APPEALS.

Under the statute governing appeals to this court, an appeal does not lie on the ground that the judgment relates to a freehold, unless the right or title to the freehold is the direct subject of the action, nor unless the judgment is conclusive of such right or title until reversed.

The statute does not allow a party to appeal from a judgment in his own favor; but he may have a judgment in his favor reviewed by writ of error.

If a cause is not appealable by the terms of the statute, the court is without jurisdiction to review the judgment; and joinder in error does not cure such want of jurisdiction.

2. STARE DECISIS.

Wherever the construction of a statute has been repeatedly given in the same way, or where a construction has been given and acquiesced in for a number of years, it would be manifestly improper for a court to disturb questions thus settled.

3. OVERRULING DECISIONS.

When judicial decisions are wrong in principle and subversive of substantial rights, it may be necessary to review and overrule them; but such necessity can seldom arise where only some question of practice or mode of procedure is involved.

4. RULE OF CONSTRUCTION.

When the legislature re-enacts a statute which has theretofore received a settled judicial construction, the legislative intent undoubtedly is that such former construction will be adhered to.

*Appeal from the District Court of Arapahoe County.*

MOTION of appellees to dismiss appeal.

Appellants were plaintiffs below. The relief sought in the district court was in substance as follows:

1. To impeach, set aside, and hold for naught certain judgments and decrees rendered by another court of record.

2. To vacate, set aside and declare null and void certain sales and conveyances of real property.

3. To obtain a decree for the foreclosure of a certain mortgage, and for the sale of certain real property therein described for the purpose of paying to plaintiffs certain bonds secured by said mortgage.

4. For a judgment against certain of the defendants for any balance remaining due and unpaid to plaintiffs, in case the proceeds of the mortgaged property should not be sufficient to pay them in full; and for other and further relief, and for costs.

Mr. J. P. BROCKWAY, for appellants.

Mr. CHAS. H. TOLL, Messrs. WOLCOTT & VAILE and Mr. W. M. MAGUIRE, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

In the district court plaintiffs obtained judgment substantially as sought by their complaint. Upon a rehearing, however, that court modified its decree, denying the money judgment asked by plaintiffs in case the proceeds of the mortgaged property should not be sufficient to pay their claims in full. In other respects the judgment was altogether favorable to plaintiffs. This is apparent from the *nisi prius* record, as well as from the fact that in assigning error upon this appeal appellants only complain of the action of the court refusing to allow any money judgment in their favor.

The statute governing appeals to this court, except as to amount, is substantially the same now as it was in territorial times, and as it has been ever since, with brief interruptions. It reads as follows :

" Appeals to the supreme court from the district, county and superior courts shall be allowed in all cases where the

judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of one hundred dollars, or relate to a franchise or freehold." See Rev. Stats. 1868, p. 513 ; Laws 1879, p. 226 ; Code of 1887, § 388 ; Court of Appeals, act 1891, p. 118.   See, also, Code of 1877, chap. 36, and Session Laws 1885, p. 350.

1. The statute above quoted was borrowed from Illinois. Before its adoption in Colorado it had received a judicial construction in Illinois to the effect that an appeal does not lie on the ground that the judgment relates to a freehold, unless the right or title to the freehold is the direct subject of the action, nor unless the judgment is conclusive of such right or title until reversed ; and also that the statute does not allow a party to appeal from a judgment in his own favor. *Rose v. Choteau*, 11 Ills. 170 ; *Addix v. Fahnestock*, 15 Ills. 448 ; *Carr v. Miner*, 40 Ills. 33.

This court has followed the Illinois decisions, as above stated ; and has also held that the right of appeal is governed by the statute ; that if a cause is not appealable by the terms of the statute, the court is without jurisdiction to review the judgment ; and that joinder in error does not cure such want of jurisdiction.  *Molandin v. Colo. Cent. R. R. Co.*, 3 Colo. 173 ; *Peabody v. Thatcher*, 3 Colo. 275 ; *Bartels v. Hoey*, 3 Colo. 279 ; *Bernard v. Boggs*, 4 Colo. 73 ; *Board of Commrs. v. Sloan*, 4 Colo. 128 ; *Thorne v. Ornauer*, 6 Colo. 39 ; *Hall v. Pay Rock Con. M. Co.*, 6 Colo. 81 ; *Vallette v. Smelting Co.*, 11 Colo. 204 ; *Crane v. Farmer*, 14 Colo. 294 ; *Meyer v. Brophy*, 15 Colo. 572 ; *Sons of America Assn. v. City of Denver*, 15 Colo. 592 ; *The People v. Richmond et. al.*, 16 Colo. 274.

2. Appellants' counsel virtually admits that the decisions in the foregoing cases, if adhered to, will prevent his clients from maintaining this appeal ; nevertheless, he earnestly and forcibly insists that such decisions are wrong, and that they should be overruled.   In this connection the following from an opinion of the supreme court of Illinois, delivered by Mr. Justice LOCKWOOD, is peculiarly appropriate :

"The maxim, *stare decisis*, is one of great importance in the administration of justice, and ought not to be departed from for slight or trivial causes; yet this rule has never been carried so far as to preclude courts from investigating former decisions, when the question has not undergone repeated examination, and become well settled. Wherever the construction of a statute has been repeatedly given in the same way, or where a construction has been given and acquiesced in for a number of years, it would be manifestly improper for a court to disturb questions thus settled." See *Bowers v. Green*, 1 Scam. 42.

This language was used more than half a century ago. It is a clear expression of a familiar doctrine.

3. When judicial decisions are wrong in principle and subversive of substantial rights, it may be necessary to review and overrule them; but such necessity can seldom arise where only some question of practice or mode of procedure is involved. For example, in the Bowers-Green case, *supra*, a single former decision of the supreme court of Illinois, denying the right of parties to a writ of error in case an appeal did not lie, was overruled. The reasons given for overruling the former decision were that much injustice must necessarily result if such decision were adhered to, since it denied all right of review in certain cases, and that the writ of error ought not to be considered abolished by implication, particularly where it was evident that the legislature could not have contemplated such abolition. Such reasons have no bearing upon the decisions which we are now asked to review and overrule. The right to a writ of error in civil cases has always been upheld by this court, except during the brief period when the first code took away such right by substituting the right of appeal in all civil actions. *Willoughby v. George*, 4 Colo. 22; *The People v. Richmond*, 16 Colo. 282.

Appellants' right to have this cause reviewed by the proper appellate tribunal is not affected by this decision.

4. In reviewing judicial decisions construing a statute the course of legislation during the period covered by the decisions is sometimes important to be considered.

The code of civil procedure adopted by our first state legislature went into effect October 1, 1877. By it the grounds and mode of appeal to this court were radically changed; but the code in this respect, being unsatisfactory, was repealed in less than eighteen months; and the old grounds and mode of appeal were restored by the second legislative assembly.

Again, in 1885, the grounds and mode of appeal to this court were greatly changed; but the appeals act of 1885 was only suffered to remain until the next meeting of the general assembly when it was superseded by the Code of 1887; and thus the old grounds and mode of appeal were again re-enacted as they still remain, save as modified by the court of appeals act of 1891. See statutes above cited.

When the legislature repeatedly re-enacts a statute which has theretofore received a settled judicial construction, there can be no doubt as to the legislative intent; it must be considered that the statute is re-enacted with the understanding that the former construction will be adhered to.

The decisions of this court construing the statute of appeals of 1868, 1879 and 1887, *supra*, do not interfere with the substantial rights of litigants; they do not prevent the review of judgments of inferior courts by writ of error where an appeal does not lie. Favorable as well as adverse judgments may be thus reviewed. A construction which has received such repeated legislative as well as judicial approval should not be disturbed.

The motion to dismiss this appeal must be sustained. The appeal will be dismissed without prejudice, with leave to appellant to withdraw the record and printed abstract.

*Appeal dismissed.*