BOGERT ET AL. v. ADAMS ET AL.

1. APPELLATE PRACTICE—JURISDICTION ON APPEAL.
There can be no appeal to this court from a final judgment in favor of the party appealing.
2. SAME.
No appeal lies from an order dissolving an attachment.
3. SAME.
Neither joinder in error nor consent of parties can confer jurisdiction on this court by appeal.
4. SAME—WRIT OF ERROR.
In order that proceedings resulting in the dissolution of an attachment may be reviewed, the whole case must be brought up by writ of error.

*Appeal from the District Court of Pueblo County.*

Messrs. WHITE & ESSEX and Mr. T. O. BOGERT, for appellants.

Messrs. DRAKE & COLLINS, for appellees.

THOMSON, J., delivered the opinion of the court.

The final judgment in this case was in favor of the appellants; but an attachment which they had procured in aid of their suit was dissolved, and it is from the order dissolving the attachment that this appeal was taken. There can be no appeal to this court except from a final judgment. Here the final judgment was for the appellants, and therefore could not be appealed from by them. *Hall v. Pay Rock C. M. Co.*, 6 Colo. 81.

The order dissolving the attachment was interlocutory, and

·no appeal lies from such an order. *Hagerman v. Moore,* 2 Colo. App. 83.

" Appeals are the creatures of the statute ; neither joinder in error nor the consent of parties can confer jurisdiction on this court *by appeal."* *Gordon v. Gray,* 19 Colo. 167.

If the attachment was erroneously dissolved, in order that the proceedings resulting in its dissolution may be reviewed by this court, the whole case must be brought here by writ ·of error. The appeal will be dismissed, with leave to ·the plaintiffs to proceed further in the cause as they may be · advised.

*Dismissed.*