## SUTTON ET AL. v. JONES, ADMINISTRATOR.

**1. APPEALS.**

When a party has, without right, attempted to appeal from a judgment in his favor, and has abandoned his appeal by failing to file abstracts and briefs, the appellee, although also dissatisfied with the judgment, has no right to submit the matter *ex parte* upon abstracts prepared by himself and briefs in support of his contentions, or demand a decision of the matters so presented.

**2. SAME.**

No one can appeal from a judgment in his own favor.

*Appeal from the District Court of Arapahoe County.*

Messrs. BENNET & BENNET, for appellee.

BISSELL, J., delivered the opinion of the court.

This particular litigation, in one of its aspects and in one of its phases, was before this court, when we declined to assume jurisdiction to determine it, and thereupon the case, as might be done under the statute, was transferred to the supreme court. The appeal was there considered and the case reversed with directions to the plaintiff to file a bill in the nature of a creditor's bill, wherein should be set up all the various claims and controversies between the several parties, that a judgment might be ultimately rendered stating and settling the entire account and adjudicating their respective rights. *Jones v. Sutton*, 19 Colo. 285.

The present action is presumably the result of that order and the action which the parties took thereunder. At the conclusion of the hearing, a judgment was entered in favor of the plaintiffs for $1,000. From it both the plaintiffs and the defendant prayed an appeal, which was allowed to each party on the filing of a bond for a designated sum within a specified time. The plaintiffs, so far as might be, perfected their appeal by filing a bond within the time limited. The

defendant filed no bond, and consequently did not perfect his appeal. Afterwards, under a stipulation, both parties united in the preparation of a bill of exceptions, which was incorporated into the record and brought to this court by the plaintiffs as appellants and docketed. Since that time the appellants have failed to prosecute their appeal and have done nothing in the premises. Neither abstracts nor briefs have been filed by them, and for this reason the case must be dismissed for want of prosecution.

The appellee has attempted to submit the case *ex parte*, and for that purpose has prepared and submitted an abstract and a brief in support of his various contentions, and now calls on the court for a decision of the matters involved. We do not feel at liberty, on his application, to determine the matters presented. The appellee failed to perfect his appeal by giving a bond, and is not here as an appellant with a right to call on this court to adjudicate the errors which he insists inhere in the record. We know of no practice or procedure which permits an appellee, who may have the right of appeal, but who has not perfected it, to require the court to determine the regularity or sufficiency of the judgment, nor do we know of any way by which he can call the judgment in question save by prosecuting an appeal in his own right, or by suing out a writ of error, as he may do in a proper case, or assigning cross errors where an appeal has been perfected and is prosecuted by the one who brings the case here.

It is clearly settled the plaintiff was without the right of appeal, because the judgment was in his favor. *Fischer et al. v. Hanna*, 21 Colo. 9; *Bogert et al. v. Adams et al.*, 5 Colo. App. 510.

It is barely possible under some circumstances we should be compelled to take some other course in disposing of the case, providing the plaintiff had pursued the remedy which he chose, and we were without jurisdiction to afford him the relief which he prayed and it appeared that he was entitled to some remedy had he seen fit to take it. The present case, however, presents no such question, because the appellants

have entirely failed to prosecute their appeal and are without right in this court, and we are bound under the practice to dismiss their case for want of prosecution. It is perhaps to be regretted that we are compelled to reach this conclusion, but since the defendant is not entirely remediless in the premises, and may, if he be so advised and the facts warrant, take steps to protect himself from the judgment, we cannot do otherwise than dismiss the case for want of prosecution.

This appeal will accordingly be dismissed.

*Dismissed.*