## Colby v. Birch.

*District Court of Arapahoe County, May 3, 1898, No. 27,306.*

R. Howzer, attorney for plaintiff; Geo. F. Dunklee, attorney for defendant.

JOHNSON, J.

It appears that this case was originally brought in the county court upon an overdue promissory note in which an attachment writ was obtained on an affidavit that the said Samuel Birch, the defendant, by false representation and false pretenses, and by fraudulent conduct, procured the property of the plaintiff, the said Willis W. Colby.

In examining the records and pleadings this lan-

guage of the affidavit applies wholly to certian alle-
gations in the complaint that the defendant falsely
and fraudulently secured possession of a certain note
deposited as collateral security for the payment of
the above note sued on, all of which, to my mind,
has nothing whatever to do with the subject matter
of the action, and is at variance with the subject of
the action as stated in the summons; and, therefore,
is no ground of attachment under the issues herein,
and that the dismissal of the attachment writ by the
county court, upon traverse, was properly made.
Aside from this issue, it appears from the record that
the plaintiff obtained the full amount of his judg-
ment and costs against the defendant.

The defendant files a motion to dismiss the ap-
peal on the ground that the plaintiff cannot appeal
from a judgment in his favor for all that he sued for.

The statute provides that "appeals may be taken to
the district court of the same county from all final
judgments and decrees of county courts, except judg-
ments by confession, by any person aggrieved by any
such final judgment or decree. * * *" I Mills
Ann. St., § 1085.

The record shows that plaintiff not only ap-
pealed from the final judgment, but also appealed
from the interlocutory order dismissing the writ of
attachment made and disposed of before any final
judgment was entered. Under this statute only final
judgments can be appealed to the district court; but
when such appeal is properly taken a trial *de novo*
follows in the district court, in which all interlocutory
matters of pleading and practice are subject to re-
view.

Counsel contends that his object for appealing

this action is to bring up the question of dismissal of the attachment by the county court and the striking out of certain portions of the complaint, otherwise he has no fault to find with the judgment.

It is held under several decisions of the appellate and supreme courts that a party cannot appeal from a judgment in his favor, under the acts controlling appeal from courts of record, to the supreme and appellate courts. Hall v. The P. R. M. Co., 6 Colo. 81; Valetta v. Smelting Co., 11 Colo. 204; Harvey et al. v. Travelers' Insurance Co.,18 Colo. 354; Bogert et al.v. Adams, 5 Colo. App. 510; Booth v. Domestic Water Co., 49 Pac. (Colo.) 368.

Especially for the sole purpose of reviewing interlocutory orders; that the remedy is by writ of error. The language used in the appeal act from county to district courts is "Any party aggrieved by a final judgment shall have the right to appeal." Counsel argues that the word "aggrieved" refers to any and all matters relating to the trial of the cause, including interlocutory as well as final order. I do not think this proposition is borne out by the authorities above cited; that the word "aggrieved" alone relates to the final judgment and no party can be held to be aggrieved who has obtained all that he asks for, or could obtain, on final judgment.

There is another decision of the supreme court, however, relating to appeals from the justice of the peace courts to county courts, which indicates that a party obtaining a judgment has the right to appeal, notwithstanding he has obtained a judgment in his favor for the full amount prayed for for the purpose of reviewing ancillary matters as well as the main issues.

This decision, however, rests upon the proposition that the statute providing for appeals from justice of the peace courts to county courts is broad enough to include all judgments. Hurtgen v. Kantrowitz et al., 15 Colo. 442.

I do not think, however, that this decision overthrows the fundamental principle that where a party has the right to appeal only from final judgments when aggrieved, having obtained all the relief asked for by such final judgment, can be heard to complain and is therefore estopped to have his case retried in a higher court, except by writ of error.

In addition to this the entire record being before the court, upon its face shows that there is nothing to re-adjudicate which can be made more favorable to the plaintiff than what he has already obtained.

I think the motion to dismiss the appeal should be sustained and it is so ordered.