28  LOCKHAVEN T.&S.D.Co.v.U.S.M.&T.Co.  [19 C.A.

[No. 2773.]

THE LOCKHAVEN TRUST AND SAFE DEPOSIT COMPANY
v. THE UNITED STATES MORTGAGE AND
TRUST COMPANY ET AL.

1.  Appellate Practice—Motion to Dismiss Appeal.

A motion to dismiss an appeal on the ground that the judgment is not appealable should be passed on at once and not postponed until the case is heard on its merits where the court has before it information upon which to determine the motion.

2.  Appellate Practice—Appealable Judgment.

A judgment in favor of the party seeking to have it reviewed cannot be reviewed on appeal, although such party may not have recovered judgment for all he asked. A money judgment in favor of the party seeking to have it reviewed, but which denied the judgment the rank claimed for it as a lien on property, is not reviewable on appeal, but must be·reviewed, if at all, by writ of error.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL, for appellant.

Messrs. DINES & WHITTED, Mr. J. G. McMURRY, Messrs. BROWN & GILLETTE, and Messrs. BARTELS & BLOOD, for appellees.

GUNTER, J.

Appellant has tendered a transcript of the record, and asks 'leave to file it on appeal. Appellees resist this application, and ask to have the appeal dismissed. Among the grounds urged by them in support of their position is that the judgment sought to be thus reviewed is nonappealable. The appellant insists that the consideration of this question should be deferred until the final ruling in the cause. We think otherwise. If the judgment in question is nonappealable and we have information before us now for so determining—which we have—we can see no good reason for not so holding at this time. To postpone the ruling would be to extend the remedy of

appeal to some extent to a cause not contemplated by
the statute creating the right of appeal. Further, it
would entail unnecessary delay, expense and con-
sumption of time. There are other motions herein
unnecessary to recite or decide in view of the con-
clusion we have reached. We express no opinion as
to them. The facts so far as pertinent to this ruling
are these: One of appellees, hereinafter designated
as appellee, The United States Mortgage and Trust
Company, held a trust deed and mortgage on certain
real estate, the Brown Hotel property, to secure
promissory notes made by one of appellees, H. C.
Brown. It instituted an action to foreclose this
incumbrance and to recover a deficiency judgment,
making appellant one of the parties defendant. The
complaint therein alleged that the trust deed and
mortgage was a first lien upon the fee of the prop-
erty covered thereby, and that appellant claimed some
interest in the property through an alleged judgment
against H. C. and J. H. Brown. It further averred
that if the appellant had any lien or interest in the
incumbered property, that it was inferior to the lien
created by appellee's trust deed and mortgage, and
asked that the judgment so declare. Appellant
answered. In the first ground of defense it denied
that the lien created by the trust deed and mortgage
was a first lien on the property mentioned except as
to the life estate therein of H. C. Brown, and averred
that the lien created by its alleged judgment was prior
to that of the trust deed and mortgage as to a cer-
tain vested remainder for his life in J. H. Brown,
such remainder being after the determination of the
life estate of H. C. Brown in the incumbered property.
The second ground of defense, also designated as a
counterclaim, set up a judgment of about two thou-
sand dollars in favor of appellant against H. C. and
J. H. Brown, that a transcript thereof had been filed

in the proper office, and averred that it was a prior lien on the incumbered property as to the remainder therein for life of J. H. Brown, and further averred that the lien of the trust deed and mortgage was superior to the lien created by the transcript of judgment of appellant only as to the life estate of H. C. Brown in the property mentioned. Appellant in this counterclaim also asked its title to certain other real estate to be quieted.

It is unnecessary to recite the steps as to the hearing by and report of, the referee. At the final hearing the court found *inter alia* that the indebtedness existed as claimed by appellee, that its trust deed and mortgage was a first lien therefor upon the fee of the hotel property, and further found that appellant had a valid judgment for the amount it had alleged in its answer, but that the lien therefor through its transcript of judgment was inferior to the lien created by the appellee's trust deed and mortgage. The court ordered the property incumbered sold, and that from its proceeds be paid certain expenses, then the claim held by appellee, and that from the surplus, if any, certain other claims secured by trust deed be discharged, and that any surplus thereafter remaining be paid into the registry of court to be distributed among the other claims found to exist against H. C. Brown, J. H. Brown and S. T. Brown as the court might order. S. T. Brown was one of the parties interested in an estate in remainder in the property in question. By the findings and judgment the money claim of appellant against H. C. Brown and J. H. Brown was allowed and ordered paid, such payment to be out of the surplus, if any, arising out of the sale of the incumbered property, after the judgment of appellee, and other liens, had been discharged, and to be according to a future order of court. There was in effect a money judgment for appellant; there

was not against it a money judgment for even costs. Its lien did not receive the rank it claimed for it. In this respect the judgment was not as it prayed. Such a judgment is not reviewable on appeal. The right to an appeal does not exist unless the statute creates it.—*Liss v. Wilcoxen*, 2 Colo. 7; *Heiderer v. People*, 2 Colo. 672; *People v. Richmond et al.*, 16 Colo. 274; *Mercer v. Mercer*, 13 Colo. App. 237, 244; *Ib*. 27 Colo. 216.

The statutes of this state giving and regulating the right of appeal so far as material to the question under consideration have remained unchanged since 1868, except during the comparatively short periods when the code sections of 1877, and the laws of 1885, applicable to appeals were in force.—Revised Statutes 1868, p. 513; Laws 1879, p. 226; Code 1887, sec. 388; Court of Appeals Act 1891, p. 118; Session Laws 1899, sec. 4, p. 172; *Harvey v. Travelers' Ins. Co.*, 18 Colo. 354.

Throughout these statutes, including the statute under which this appeal was taken—that of 1899—the party appealing was required to give bond in a reasonable sum sufficient to cover the amount of the judgment appealed from and costs, conditioned for the payment of the judgment, costs, interest and damages in case the judgment be affirmed, and also for the due prosecution of the appeal. Our courts have uniformly held that the condition contained in this bond, that the appellant shall pay the judgment, costs, interest and damages in case the judgment shall be affirmed, can only apply where the party against whom the judgment is rendered is the appellant, and that a party in whose favor a judgment is rendered cannot appeal when the act providing for the appeal requires the giving of a bond so conditioned.—See *Bernard et al. v. Boggs*, 4 Colo. 73. This decision was under the Practice Act, Revised Statutes 1868,

p. 513, sec. 41; *Hall v. Pay Rock Consolidated Mining Company*, 6 Colo. 81, decided under Laws 1879, p. 226, sec. 26.

In *Bogert et al. v. Adams et al.*, 5 Colo. App. 510, plaintiffs had a money judgment against defendants, but an attachment sued out by them in aid of their main action was dissolved. They claimed that the attachment was wrongfully dissolved, and sought to have the order of dissolution reviewed on appeal. The court dismissed the appeal, holding that the order dissolving the attachment could be reviewed only on writ of error to the judgment in the main action, and that an appeal from this judgment would not lie, because the judgment was in plaintiffs' favor.

In *Booth v. Domestic Water Company*, 9 Colo. App. 495, appellant sued appellee to recover damages for the alleged wrongful diversion of water, and to obtain injunctive relief. He had a money judgment for damages, but was denied injunctive relief. The appeal was dismissed. The court held that the judgment was in his favor, and that if he desired to review the alleged error in denying injunctive relief, he must come up by writ of error to the judgment in the main action. The court said:

"The only judgment rendered in the case was in the plaintiff's favor. The right of appeal is statutory, and can be exercised only by the party against whom the judgment is rendered. * * * If the prevailing party has not obtained all the relief to which he considers himself entitled, he can have the judgment reviewed here only by writ of error."

In *Harvey v. Travelers' Ins. Co.*, 18 Colo. 354, plaintiffs sought to foreclose a mortgage and to obtain a deficiency judgment. The judgment was obtained foreclosing the mortgage, but the court declined to provide in the judgment, as asked for by plaintiffs, that in case the proceeds of the mortgaged property

should not be sufficient to pay their claims in full a judgment should be entered under the deficiency. Plaintiffs appealed under section 388, Code 1887, and the appeal was dismissed because the judgment was in plaintiffs' favor. See also: *Sutton et al. v. Jones,* 9 Colo. App. 36; *Vallette v. S. J. and N. Y. Min. and Smelting Company,* 11 Colo. 204; *C. F. & I. Co. v. Knudson,* 18 Colo. App. 383, 70 Pac. 698.

Counsel for appellant calls attention to *Blitz et al. v. Moran,* 17 Colo. App. 253, 67 Pac. 1020. The question before us was not there raised or decided.

The judgment in this case was in appellant's favor; it was, therefore, as to it, nonappealable. For this reason an order will be entered denying appellant's motion for leave to file a transcript of the record on appeal, and dismissing the appeal. As permitted by section one, p. 80, Laws 1893; section 388, Mills' Ann. Code, the clerk will be ordered to enter the action as pending on writ of error.—*Roseberry v. Valley Building and Loan Association,* 17 Colo. App. 448, 68 Pac. 1063.    *Appeal dismissed.*