Mester Coal Company, Appellant, v. Charles Pope, Appellee.

## Gen. No. 14,991.

1. NEW TRIAL—*when failure to comprehend issues will not reverse.* Notwithstanding the defendant has admitted by his pleadings and in open court that he is indebted to the plaintiff in a specific sum, the failure of the jury to award to the plaintiff any sum does not require a new trial if the court under the statute awards a judgment for the amount so admitted by the defendant.

2. JUDGMENT—*when court without order to satisfy.* The court over protest of the plaintiff cannot order its clerk to receive the amount of a judgment rendered in full payment thereof and to satisfy the same of record.

3. APPEAL—*when a party has not obtained precise relief sought.* A party may appeal from and have reversed a judgment or decree, although in his favor, unless he has obtained the precise relief sought.

4. PRACTICE—*affidavit of defense to a portion only of plaintiff's claim.* The amendment of July 1, 1907, to section 55 of the Practice Act authorizes the rendition of two judgments in one action, when defendant files an affidavit of a defense to a portion only of the plaintiff's demand.

Assumpsit. Appeal from Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 3, 1910.

**Statement by the Court.** This is an action of assumpsit, for coal sold and delivered by plaintiff to the defendant. The amount claimed was $907.96. Plaintiff, under the statute, filed an affidavit of its claim for that amount, with its declaration. The defendant, also under the statute, filed an affidavit of merits with its plea of general issue. The affidavit of merits contains the statement that "the defendant has a good defense to this suit, upon the merits, to the whole of the plaintiff's demand, except as to the sum of one hundred six and 6-100 dollars ($106.06), which is admitted by the defendant to be due to the plaintiff."

The case was tried before a jury and a verdict finding the issues for the defendant was returned. A motion for a new trial was interposed by the plaintiff. This motion the court overruled and the plaintiff excepted to the ruling. The court thereupon rendered its judgment and the judgment order appearing of record is in part, that is, so far as material for present purposes, as follows:

"And, it appearing to the court that the defendant, in and by his plea, filed herein on the 5th day of June,

A. D. 1906, admitted, and now here in open court, admits that there is due to the plaintiff from the defendant a part of the sum for which suit was brought, namely, the sum of one hundred and six dollars and six cents ($106.06), with interest thereon in amount of $12.37, whereby the plaintiff became entitled, under the statute in such case made and provided to recover judgment against the defendant for the amount admitted to be due to the plaintiff, namely, the said sum of one hundred and eighteen 43-100 dollars and costs.

"It is therefore ordered that the plaintiff take nothing under and by virtue of the verdict rendered herein, but it is considered by the court that the plaintiff have and recover of and from the said defendant the amount admitted by the plea of the defendant to be due to the plaintiff, namely, the sum of one hundred and six dollars and six cents ($106.06), together with interest thereupon in amount of $12.37, together with the plaintiff's costs in this suit, to the entering of which judgment the plaintiff excepts, and the defendant, now in open court, here tenders to the plaintiff the sum of one hundred and thirty dollars and three cents ($130.03) in payment of said judgment, interest and costs, which tender the plaintiff refuses, whereupon the defendant, by leave of court, pays the said sum of $130.03 into court to the clerk thereof, for the use and subject to the order of the plaintiff, and thereupon moves that the said judgment be satisfied of record in open court, which motion is allowed by the court and said judgment is accordingly satisfied in open court and discharged of record, to which action of the court, last aforesaid, the plaintiff excepts."

The plaintiff now prosecutes this appeal from that judgment of $118.43 in its favor.

JAMES TODD, for appellant.

MATHER & HUTSON, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

At the conclusion of plaintiff's brief and argument, the following frank statement of plaintiff's position appears, with reference to the precise question which plaintiff raises by this appeal:

"In abstracting the testimony of this case no attempt was made to give all the testimony heard by the jury, and a reversal is now urged upon the principle that, regardless of whether the evidence outside this admission would have warranted a reversal, the error of the jury is so clearly shown by the admission that a new trial must be granted."

Consistently with this statement, plaintiff's argument in this court is confined to an effort to demonstrate that the trial court erred in overruling plaintiff's motion for a new trial, when it appeared that the jury returned a verdict for the defendant notwithstanding defendant admitted, both in his affidavit of merits and in open court before the jury, that there was due and owing from him to the plaintiff the sum of $106.06. That is, as plaintiff puts it, substantially, the action of the court in that regard could not be proper because "the jury had, through inability to comprehend the case, or through indisposition to consider it carefully, found that the defendant owed plaintiff nothing, when defendant himself was contending that he owed plaintiff $106.06". Plaintiff, by his argument here, places his claim to a reversal of the judgment rendered solely upon the ground of error by the trial court in this respect. The abstract of record which is presented prevents inquiry whether the verdict rendered was otherwise against the preponderance of the evidence. We are obliged to assume that in every other respect the verdict is sustained by the evidence.

The law is well settled that a plaintiff may appeal from and have reversed a judgment or a decree in his favor, if erroneous. Teal v. Russell, 2 Scam. 319;

Jones v. Wight, 4 Scam. 338; Thayer v. Finley, 36 Ill. 262; Carr v. Miner, 40 Ill. 33; Commissioners v. Commissioners, 87 Ill. App. 93, 105; Frost v. Howard, 81 Ill. 602. Unless complainant has obtained the *precise* relief sought, *i. e.*, "If he is able to assign *any* error or has not obtained *all* that he deems himself entitled to, he may appeal." "If one who instituted a suit or proceeding does not obtain what he asks for *in full*, he can undoubtedly prosecute an appeal." Gray v. Jones, 178 Ill. 169, 171-2; Williams v. Breitung, 216 Ill. 299. We see no reason, however, for reversing the judgment rendered. We fail to see that any harm was done plaintiff by the procedure in the court below, assuming, as we have said we must assume, that the evidence sustained the verdict, otherwise than as to the $106.06. Judgment was rendered in plaintiff's favor for that $106.06 so that in that regard plaintiff has nothing to complain of.

The amendment to section 55 of the Practice Act, chapter 110, Revised Statutes, in force July 1, 1907, changes in some actions *ex contractu* the procedure that previously prevailed. That amendment authorizes, when the defendant, by an affidavit of merits or defense, admits to be due and owing a part of the amount which the plaintiff claims, the rendition of a judgment for the part admitted to be due and owing. That is the amendment authorizes two judgments in one action where but one was before permissible. So far as material for present purposes the amendment is as follows: "If the affidavit of defense is to only *a portion* of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand and the suit shall thereafter proceed *as to the portion of the plaintiff's demand in dispute* as if the suit had been brought therefor." When defendant herein filed his affidavit of defense and thereby admitted $106.06 of the plaintiff's demand to be due and owing to the plaintiff, that portion of the plaintiff's demand immediately ceased to be in dispute or in

issue in the suit. This was equally true, whether plaintiff immediately took judgment for the amount admitted or not. After that admission plaintiff was entitled to take judgment for the amount admitted to be due, at any time. The plaintiff, however, did not choose to take the judgment he was entitled to and it was not rendered until after the trial upon the portion of the plaintiff's demand which was in dispute. As to the admitted portion of the demand there was, nevertheless, no issue to be tried by the court or jury after the defendant's affidavit was filed. When the jury returned a verdict finding the issues for the defendant that verdict related solely to "the portion of the plaintiff's demand in dispute," as to which, according to the statute, the suit shall, after the admission, proceed "as if the suit had been brought therefor" and for nothing more. Upon the record, as presented to us, we see no error in that the court overruled the motion for a new trial as to the part of plaintiff's demand in dispute; and as to the part of his demand not in dispute plaintiff is in no position to complain for not only was judgment rendered in his favor therefor but he was tendered the amount in open court.

It is true that the learned trial judge did err in granting defendant leave to pay the amount of said judgment to the clerk of the court "for the use and subject to the order of plaintiff," in allowing defendant's motion, upon such payment being made, that the judgment be satisfied of record in open court and in satisfying and discharging the said judgment of record, in open court, all of which was done despite plaintiff's objection and to the action of the court in which respect plaintiff excepted. There is no warrant in the law for a court, upon rendering a judgment in a party's favor, compelling that party to receive or accept the money or upon his failure to receive or accept the money to appoint the clerk of the court, or any one else, custodian of the party's money and then satisfying the judgment upon payment of the amount of

the judgment to the custodian appointed by the court. The action of the court in this respect was *coram non judice,* without validity and of no effect. However, so far as this record discloses, no harm was done plaintiff thereby and he is entitled to have the satisfaction and discharge of the judgment set aside upon motion.

There being no reversible error in the record, the judgment must be affirmed.

*'Affirmed.*