[No. 7522.]

WELLMUTH v. ROGERS, ET AL.

1. WRIT OF ERROR—*A Writ of Right—Legislative Control*— By the adoption of the common law (Rev. Stat. sec. 6295) the writ of error was brought into our jurisprudence, but subject to legislative control—except as applied to the judgments of the

county courts—and it ought not to be taken away by any implication or construction. *Held*, therefore that the statute allowing an appeal or certiorari from either the county court or district court, to the supreme court, in probate matters (Rev. Stat. sec. 7254) is not to be construed as excluding the writ of error, but merely as affording remedies cumulative thereto—(458).

2. STATUTES—*Construction*—A statute allowed an appeal or certiorari from either the district or county court to the supreme court, in probate matters. By the constitution a writ of error lies out of the supreme court to review all determinations of the county court. *Held*, that inasmuch as to construe the statute as denying writ of error to the county court, in such cases, would render it unconstitutional, it was not to be so construed as applied to the determinations of the district court—(457, 458).

3. ——*Expression of One Thing as Excluding Things Not Expressed*—A statute giving remedies not given by the common law, e. g., an appeal or certiorari to review any final judgment in probate matters, does not take away the writ of error given by the common law—(458).

*Error to Denver District Court.*—HON. HARRY C. RIDDLE, Judge.

Messrs. KELLY & HAINES, for plaintiff in error.

Mr. WM. T. ROGERS, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This matter comes up at this time upon a motion of the defendants in error to dismiss the writ of error. The original action was to test the validity of a will. The errors assigned pertain to the ruling of the district court in dismissing the action brought there by appeal from the county court.

In support of the motion it is claimed that as section 7254, Revised Statutes, 1908, reads in part as follows:

"All questions of law and fact, relating to probate matters or arising in proceedings under this act, in any county, shall be determined by the county court of such

county; and from any and all final judgments or decrees upon any such questions, appeals or writs of certiorari shall lie to the district court of the same county, and from the district court to the * * * supreme court, or from the county court to the * * * supreme court, as in other cases, to be allowed, and prosecuted in the same manner as appeals or writs of certiorari, respectively, when prosecuted in civil or law cases from the decisions of such county or district coruts," it provides two modes for review by the supreme court of probate matters determined by the district court, hence, by necessary implication, it excludes their being reviewed by any other method, for which reasons that a writ of error will not lie to review a final judgment of the district court in probate proceedings.

By general section 6295, Revised Statutes, 1908, the common law of England so far as the same is applicable and of a general nature and certain acts of the British parliament, made in aid of, and to supply defects in the common law, prior to a certain time, were made the rule of decisions and adopted as of full force in this state until repealed by legislative authority.

In *Haley v. Elliott*, 20 Colo. at page 202, it is said, "At common law a writ of error is generally regarded as a writ of right; and, though subject to regulation by statute, it cannot, under our constitution, be denied to county court judgments."

In the case of *The People v. Richmond, et al.*, 16 Colo. 274, in referring to a writ of error, at page 282, this court said, "for while this writ is in most cases a writ of right at the common law, it may by statute, unless the constitution forbids, be limited or abolished altogether * * *."

Of course under our constitution this could not apply to judgments of county courts, as the right to have them thus reviewed is preserved in the constitution itself. Referring to this portion of the constitution in the Richmond case, *supra*, this court, at page 283, said,

"The provision in effect declares that, though the legislature may abolish the writ of error to review the final judgments of other courts, the right to have those of the county court considered in this tribunal shall be inviolate."

It follows by the enactment of the statute above referred to, that, the common law writ of error was brought into existence and continues to exist in this jurisdiction unless abolished by subsequent statutory enactment.

It will also be observed from the foregoing and other decisions, as a general rule, that the writ of error is recognized as a common law writ of right, and that by the language of the constitution the purpose was, except as to judgments of the county court, to leave the existence and use of the writ subject to legislative control.— *Haley v. Elliott,* 20 Colo. 199; *People v. Richmond,* 16 Colo. 274; *Polk v. Butterfield,* 9 Colo. 325; *Stebbins v. Anthony,* 5 Colo. 273; *Vance's Heirs v. Rockwell et al.,* 3 Colo. 240; *Liss v. Wilcoxen,* 2 Colo. 7.

The question then to be considered is, was it intended by the enactment of section 7254, *supra,* to abolish writs of error to the district court in all probate matters? Is it a case where the express mention of one thing implies the exclusion of another then in existence? To give this section the construction contended for is to hold that it was intended to provide exclusive remedies, whereby reviews could be had in probate matters from judgments of both the county and the district courts, and is to say that the legislature attempted, by it, to abolish writs of

error to the county court, from the supreme court, in such matters, regardless of the reservation in the constitution to the contrary. It will be observed that this section provides but for two methods of review by the supreme court, viz, appeal and *certiorari*. If the construction contended for is to prevail it would make that portion of it pertaining to judgments from the county court clearly unconstitutional. On the other hand, if we assume that the statutory remedies granted by section 7254 are cumulative only with that of the writ of error theretofore existing and which continues until abolished by legislative enactment, we then give to it a construction which makes it in harmony with the provisions of the constitution.

In the case of *Bowers v. Green,* 1 Scammon (Ill.) 42, 44, (cited as authority in *Harvey v. Travelers Insurance Company,* 18 Colo. 354) it is said:

"The old and salutary rule of the common law, that a writ of error is a writ of right, and cannot be denied, except in capital cases, ought not to be abolished by implication and construction, and particularly where it is evident that the legislature could not have contemplated its repeal."

We think this principle applicable here, and, that unless the language of the act points specifically to the conclusion that it was intended to take away the right of review by writ of error it ought not to be done by implication. The right to an appeal does not exist independently of the statute and the fact that the statute, under consideration expressly conferred it as well as the right to a writ of *certiorari,* does not show conclusively an intention to prohibit the pre-existed method of review by writ of error. When considered as a whole there is nothing in this section to justify such an assumption.

The motion to dismiss will be denied.

*Motion denied.*

Decision *en banc.*

Chief Justice Campbell not participating.