JOHN M. KERLINGER

*vs.*

ANDREW J. BARNES et al.

The act, approved February 22, 1869, *Ch.* 70, *Laws* 1869, amending *Sec.* 6, *of Ch.* 86, *Gen. Stat.*, as amended by *Ch.* 83, *of the Laws of* 1868, approved March 6, 1868, is prospective in its operation, and does not apply to judgments entered previous to its passage, nor, as to such judgments, does it repeal the act of March 6, 1868.

A law of a remedial nature which enacts that an existing statute "be amended so as to read as follows," and prescribes the language of the

amended statute, will not, by merely omitting to embody in the amendment some provisions of the original law which do not conflict with the amendment, be considered as repealing such omitted provisions, so far as existing rights are concerned, in the absence of any other circumstance showing an intention to repeal the same.

This is an appeal by the defendants from a judgment of the district court for Scott county. A motion is made in this court by the respondents, to dismiss the appeal, pursuant to a stipulation signed by the attorneys for the respective parties, admitting the following facts :

"The judgment appealed from was entered and perfected July 3d, 1868, and the appeal was taken and perfected July 3d, 1869."

J. L. MacDonald for Appellant.

John H. Brown for Respondents.

*By the Court.*—McMillan, J.—The judgment appealed from in this case was entered and perfected on the 3d day of July, 1868; the appeal was taken July 3d, 1869. The respondents move to dismiss the appeal on the ground that an appeal does not lie. The statute in force at the time the judgment appealed from was entered, was passed March 6th, 1868, and allowed one year from the entry of the judgment for an appeal therefrom. The language of the statute was as follows : "The appeal from a judgment heretofore or hereafter rendered, may be taken within one year after the entry thereof, and from an order within thirty days after written notice of the same." *Laws* 1868, *p.* 112.

By a subsequent act, approved February 22, 1869, it is enacted that the section first cited " be amended so as to

read as follows : *Section* 1.  The appeal from a judgment hereafter rendered may be taken within six months after the entry thereof, and from an order within thirty days after the written notice of the same.  *Section* 2.  This act shall take effect and be in force from and after its passage." *Laws* 1869, *ch.* 70, *p.* 84.

The question presented in this case is, whether the act of 1869 applies to judgments entered prior to its passage, and changes the time allowed for an appeal, from one year to six months.

The ordinary and natural meaning of the language, " the appeal from a judgment hereafter rendered," used in the act of 1869, would clearly limit its provisions to judgments subsequent to its passage, and if it were in form an independent law, the intention of the legislature would be too clear to admit of doubt.

But it is claimed, substantially, that the language quoted is merely copied from the act of which it is amendatory, and is to receive the same construction in the amended section which it had in the original one ; that, therefore, it must be held to embrace all judgments rendered after the passage of the act of 1868.   It is true, generally, that when amendments to statutes are made in this form, " the portions of the amended section which are merely copied without change, are not to be considered as repealed and again enacted, but to have been the law all along." *Ely vs. Holton et al.*, 15 *N. Y.*, 595 ;  *Burwell vs. Tullis*, 12 *Minn.*, 575. If, however, it appears that the legislature did not intend merely to repeat or copy the language of the original law, but although using the same words intended them to have a different meaning and effect, the rule is not applicable.

If it was the intention to apply the amendment to any judgment prior to its passage, it is but reasonable to suppose

Kerlinger v. Barnes et al.

that the legislature would embrace within its provisions all prior judgments from which there was an existing right of appeal; but giving to the amendment the construction claimed for it by the moving party, there would still be a class of judgments, subject to appeal under the act of 1868, to wit: those entered before the 6th of March, 1868, the date of the passage of that act, and within one year previous to the 22d of February, 1869, the date of the amendment.

But, again, the construction of the amendment contended for by the respondents would make it retrospective in its operation. Retrospective laws have always been regarded unfavorably, and courts refuse in construing statutes to give them any other than a prospective effect, unless the intention of the legislature that they should be retrospective is clearly expressed, or necessarily and unavoidably implied therein. *Sedgwick on Const. and Stat. Law,* 188, 191, 193–5; *Dash vs. Van Kleeck,* 7 *Johns,* 477. The wisdom and justice of this rule is very apparent in the present instance, for to give a retroactive effect to this amendment, would, in the case at bar, and doubtless many others, cut off entirely the right of appeal without notice to the party, or allowing him any opportunity after the passage of the act to exercise his right.

Whether the legislature can thus affect an existing right of appeal we need not here determine. The power is at least so doubtful, (*see Grover vs. Coon,* 1 *Comst.,* 536) and its use so harsh, that courts will not infer an intention to exercise it, unless there is a clear expression of the legislative will to that effect. In this case there is no such expression; on the contrary, such an intention cannot be deduced from the amendment, without doing violence to the ordinary meaning of the language of the act.

There is nothing, therefore, which requires, or, we think, permits us to construe it so as to make it retroactive in its effect.

We then pass to inquire whether, as to judgments rendered previous to its passage, the amendment of 1869, repeals the act of 1868. There is no express repealing clause, and if repealed at all, it must be by implication. It is a well settled rule that repeals by implication are not favored, and that unless the latter statute is manifestly inconsistent with, and repugnant to, the former, both remain in force, and that courts are bound to uphold the prior law if both may exist together. *Sedg. on Stat. & Const. Law*, 128; *Smith's Com.*, Sec. 757.

If we are right in our construction of the amendment of 1869, it embraces only judgments entered after its passage. So far, therefore, as relates to judgments prior to the amendment, there is no conflict between the original law and the amendment, and as to such judgments, a repeal of the act of 1869, cannot be implied on that ground. If then there is a repeal, it must be implied merely from the form in which the amendment is made; that the original section "be amended so as to read as follows," &c. This form of amending statutes is frequently used, and was adopted as a convenient mode of preserving a harmonious text, by incorporating the amendments into the original law, and presenting both together; except in this respect, an amendment made in this way has no greater effect than if made in the form of an independent statute.

The provisions of the old law which are embodied in the amendment without change, are not, as we have seen, repealed and re-enacted, but continue to be the law as before, and the provisions or changed portions are not to be taken

Kerlinger v. Barnes et al.

to have been the law at any time prior to the passage of the amendment. *Ely vs. Holton*, 15 *N. Y.*, 598.

The mere omission to embody in an amendment of a remedial statute some of the provisions of the original law which do not conflict with the amendment, and may exist independent of, and in entire harmony with it, will not, as to existing rights, be considered as a repeal of the provisions omitted, in the absence of any other circumstance showing an intention to repeal such omitted provisions.

If in the present case the legislature had enacted in the amendment that "the appeal from a judgment heretofore rendered may be taken within one year after the entry thereof, and from a judgment hereafter rendered may be taken within six months after the entry thereof," under the rule we have stated, the provision in regard to judgments rendered previous to its passage, would not have affected the right of appeal from such judgments under the act of 1868; from the mere omission of that clause which, if inserted, would have been without effect, except as a matter of convenience to preserve a harmonious text, it will not be implied that the legislature intended to repeal such omitted clause. A repeal of a statute will not, as to existing rights, be implied merely for the purpose of preserving a harmonious text.

The motion to dismiss the appeal is denied.