O'Bannon vs. Ragan.

---

## O'BANNON VS. RAGAN.

1. APPEAL. *Construction of Act of 1873 regulating appeals from justices of the peace.*

   The act of April 29th, 1873, reducing the time for an appeal from the judgment of a justice of the peace from sixty to thirty days, did not apply to proceedings in which judgment had been previously rendered.

2. ——. *A constitutional right which cannot be destroyed.*

   The Legislature cannot so limit the time within which an appeal shall be taken as to render it impracticable for parties to perfect their appeals within the time prescribed.

APPEAL from *Arkansas* Circuit Court.

Hon. P. C. DOOLEY, Circuit Judge.

By *O'Bannon*, appellant.

O'Bannon vs. Ragan.

Argued that, at the date of the judgment before the justice, when the appeal was prayed and granted, no affidavit was necessary. The act of 1873 was not approved until 29th of April. The appeal was properly perfected under the laws in force when taken.

*Dooly* for appellee.

Cited act of 29th April, 1873, which repealed all practice acts then in force, applying to cases like this in justices' courts. This act required an affidavit on appeal.

The bond should have been entered into before the justice— this was before the clerk. The appeal was not taken in thirty days after judgment. The old law was then repealed. It did not give a vested right to appeal on all judgments rendered. The new act did not take away the general right; only prescribed the mode and limited the time. Cooley's Const. Lim., p. 384; *ex parte McCardle,* 7 Wall, 507.'

WALKER, J :

On the 7th of April, 1873, Ragan recovered a judgment before a justice of the peace. On the same day, O'Bannon prayed an appeal which was granted. On the 19th of May, 1873, the transcript of the record before the justice was filed in the Circuit Court, upon an order from the Circuit Court to the justice before whom the case was tried, reciting that an appeal had been granted, and requiring the justice to certify the papers and record of the case to the Circuit Court. On the 31st October, 1873, Reagan filed a motion to discharge the appeal, because there was no affidavit showing that the appeal was not taken for delay, but that justice might be done. The court sustained the motion and dismissed the appeal. O'Bannon appealed.

The correctness of the decision of the court in dismissing the appeal is the only question to be determined.

O'Bannon vs. Ragan.

At the time the judgment was rendered, the code practice was in force, under which it was not necessary to file an affidavit, that the appeal was not taken for delay, but upon filing a transcript of the judgment of the justice with the clerk, and the execution of a bond with security, the clerk shall issue an order to the justice to stay proceedings, and send to the Circuit Court a transcript of the judgment and proceedings had before him.

All this appears to have been done. But between the time of the rendition of the judgment by the justice of the peace, on the 7th of April, 1873, and the granting of the appeal by the clerk of the Circuit Court, on the 19th of May, 1873, an act of the Legislature, approved 29th April, 1873, was passed, which repealed the code practice, and required that an appeal might be granted by the justice before whom the judgment was rendered, but required as a condition precedent to the grant of the appeal, that the appellant, or some one for him, should make and file with the justice an affidavit that the appeal was not taken for delay, but that justice might be done. Sec. 3281, Gantt's Dig. The same section provides that no appeal shall be allowed, unless this pre-requisite is complied with.

The code practice, under which the appeal was taken, was repealed on 29th April, 1873, and as the appeal was taken on the 19th May, 1873, it must of necessity have been taken under the latter act, if in all respects constitutional, as there was then no other law in force. The effect of the repeal of the code practice was to obliterate it as completely as if it never had passed. Sedgwick, 129. The repeal of the code practice did not take from the party aggrieved the right to appeal, but conferred the right upon the justice, before whom the judgment was taken, to grant the appeal, and required as a condition precedent to the granting of the appeal, that the party who asked it should make affidavit that the appeal was not taken for delay, but that justice might be done.

The thirty days allowed by the statute, in which to take the appeal, had not expired when the act passed, by eight days; and as the act took effect from its passage, left but a short time in which to comply with the requisites of the act.

It is quite probable that the appellant acted in ignorance of the fact that the code practice had been repealed, and this presents a hardship—the result of legislation—which we would, if possible, mitigate by holding the operation of the act prospective, and not intended to affect the suits commenced, or the right of appeal from judgments rendered under the code practice. But the effect of the repeal will not permit us to do so. Sedgwick says, that "the repealed statute must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded whilst it was an existing law." And as this suit was not concluded when the repealing act passed, it does not come within the exception.

The question then is reduced to this, was the right of appeal, which was a constitutional right, so impaired by the repeal of the code provisions, which gave to the party sixty days in which to take his appeal, and the substitution in its place of thirty days, in effect in this case a denial of the exercise of this right? This thirty days was the time proposed as applicable to all cases, a limitation which the Legislature most clearly had the right to make, nor should we question the power of the Legislature to fix the time for taking an appeal to eight days, if such could be supposed its intention, unless it should in effect be a denial of the right of appeal. But suppose that the thirty days from the date of the judgment had expired at the time the act passed, as the party seeking to appeal had sixty days in which to take his appeal under the code practice, which by force of the act of repeal was cut off, and as he could not appeal under the act of 29th April, because the thirty days had expired. In such a

case the remedy would be cut off entirely, and we should hold the act unconstitutional as depriving the party of the constitutional right of appeal. But in the case under consideration, there was some time, after the passage of the act of 29th April, in which to take the appeal. The question is, was it a sufficient time in which to assert his right to appeal? If the act had been promulgated at the time of its passage, there would have been eight days left before the thirty days expired. Was this a reasonable time in which to take the appeal. The Legislature had given thirty days as the proper time, certainly it was not intended to give a shorter time. The time given was a little more than one-fourth of the time intended to be given after the act had been promulgated. But in this instance such was not the case. The litigants resided in a county remote from the capitol. We have said the Legislature could not deprive a suitor of the right to appeal. So this court held in Anthony, *ex parte*, 5 Ark., 358, and *Pope's Ex.* v. *Ashley, Ex.*, 13 Ark., 262. And upon principle we think the time should be such as to afford the party a reasonable opportunity to assert this constitutional right; for to deny it, is in effect to afford no time whatever.

When considering the case before us in all its bearings, we do not believe that the Legislature intended the act to apply to suits brought, and upon which judgments had been rendered, and if it did, that it had not the constitutional power to so limit the time for an appeal as in effect to deny the right of appeal in cases like the present, and consequently that the acts of 29th April, in so far as it tended to deprive the suitor of a reasonable time in which to comply with its provisions, was an invasion of the constitutional right of appeal, and that the act was inoperative in this and like cases, and so, that in fact, to this extent the practice under the statute in force at the time the act 29th April passed,

remained in force, and that the appellant had a right to appeal without the affidavit required by the act of 29th April.

The court below erred in dismissing the appeal; let the judgment be reversed and the case remanded.