MAYOR AND CITY COUNCIL OF FROSTBURG *vs.* JOHN H. TIDDY and ELIZABETH R. TIDDY.

*Entry of Judgment in Recess by order of Court.*

Under the provisions of section 45 of Article 29, of the Code, as amended by the Act of 1884, ch. 27, a Judge has the power to pass an order directing a judgment to be entered during the recess in any Court within his Circuit.

APPEAL from the Circuit Court for Garrett County.

This suit was instituted in the Circuit Court for Allegany County, by the appellees to recover damages from the appellant for injuries sustained by the plaintiff Elizabeth through a defective sidewalk in the town of Frostburg. On the suggestion of the plaintiffs the cause was removed to the Circuit Court for Washington County, and thence, at the suggestion of the defendant, was removed to the Circuit Court for Garrett County where it was tried. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J., for the appellant, and submitted on brief for the appellees.

*William Brace*, for the appellant.

The Court had not the power to direct a valid judgment to be entered, nor the clerk the power to enter it, in the manner observed in this case. A judgment is the act of the Court, and can be entered only by and in the presence of the Court. *Weighorst vs. State*, 7 *Md.*, 450; *Montgomery vs. Murphy*, 19 *Md.*, 576; *Johns vs. Fritchy, &c.*, 39 *Md.*, 258; *Carrollton Savings & Loan Asso. vs. Kern-*

*good,* 51 *Md.,* 416; *Lee vs. Carrollton Savings & Loan Asso.,* 58 *Md.,* 301.

The Court has power to direct a judgment *by confession* to be entered by written order. This power was given by special Act of Assembly. *Rev. Code, Art.* 56, *sec.* 5. Also to *pass orders* in recess, and out of the county—likewise conferred by legislation. .. t of 1884, ch. 27.

If the Court had power to enter udgment in a contested case by letter addressed to the clerk as was done in this case, then the above legislation was wholly unnecessary. It would appear that, in the absence of legislation, the Court could not order a judgment to be entered "Satisfied," unless present. *Waters vs. Engle,* 53 *Md.,* 181. If this be true, *a fortiori* there could be no such power to enter the judgment by written orders mailed from a distance when the Court was not in session. It is clear that the Act of 1884 does not cover the case.

The agreement of the attorneys could confer no such power, even if susceptible of a construction which would give it such intention; but such is not its proper construction.

It was merely intended to facilitate the hearing of the motion in arrest. The overruling of the motion and entering of final judgment, were to be separate, distinct acts. Of the act of entering judgment the appellant's attorneys would naturally want notice. The agreement must be construed in connection with the knowledge of the parties thereto that if the Court could not enter judgment in that way without their consent, it certainly could not do so by and through such consent.

If our position be correct, the judgment is *coram non,* and no lapse of time would bar the appellant's right to have it stricken out. *Lee vs. Carrollton Savings & Loan Asso.,* 58 *Md.* 304.

*D. J. Blackiston,* and *James E. Ellegood,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This appeal is from the refusal of the Circuit Court for Garrett County to strike out the judgment rendered therein. Upon the 15th of May, 1884, being the last day of the actual sitting of the Circuit Court for Garrett County, at its May Term, a verdict was rendered by a jury, in favor of the appellees, in that Court against the appellant. A motion in arrest of judgment was made and filed on that day, and at the same time a written agreement of counsel for both plaintiffs and defendant was filed that the Judge of the Court " may hear and decide the motion in arrest of judgment in the above cause, at any place in his circuit, and make an order or decision therein at any time." Upon the next day at Cumberland, in Allegany County, the motion was heard, and the day following, being the 17th of May, the Judge rendered his decision, and sent a written order to the clerk of the Circuit Court for Garrett County, overruling the motion in arrest and directing judgment to be entered.

At the September Term, 1884, of the Court, a motion to strike out the judgment, entered in pursuance of the order, was filed by the appellant, which was overruled, and this appeal was taken.

It is contended, that the judgment was improvidently ordered, and entered, because the Court was not actually in session, and this judgment could only be entered in open Court.

A fair construction of the agreement of counsel respecting the matter, clearly, we think, contemplated the final adjudication, of the question presented, by the Court in recess; and if the ordinary course of entering a judgment *nisi*, had been pursued after verdict rendered, there could have been no possible controversy ; for, in such case, the cause shown against the judgment by the motion in arrest having been adjudged insufficient, and the motion accordingly overruled, and the four days having elapsed, the

Mayor, &c. of Frostburg *vs.* Tiddy.

judgment would have become final as matter of course. In such case the order, overruling the motion, would have been indisputably within the provisions of section 45, of Article 29 of the Code, as amended by the Act of 1884, chapter 27, which gives full power to the Circuit Judges to make orders at common law at any place and time in the Circuit "to take effect in any part of their Circuit." This does not appear to have been done. The docket entries are not in the record; but the record indicates no such action as having been taken, and as the judgment, in all respects, seems to pursue the order, we infer, that the usual practice of entering a judgment *nisi* on the verdict was omitted; and we must treat the judgment as first and finally entered upon and pursuant to the Court's order. The question is, has the Court power, in recess, to give such order and have such judgment entered?

If section 45 of Article 29, as it now stands, does not give the Court this power, the agreement of counsel could not confer the jurisdiction. An agreement may waive a right, but cannot confer jurisdiction on a Court; so that the agreement cannot affect the question to be decided.

Looking to the object which the Legislature must have had in view in the passage of section 45, Art. 29, we have no difficulty in construing it as justifying the order. It is a reasonable construction, beneficial to suitors, and has been often acted on by the Judges in the State. Under it Courts have frequently taken such motions, and even cases submitted to the Court without the intervention of a jury, *sub curia,* and, after examination, have disposed of them by written order to the clerk as to the entry to be made. Of course, in cases of submission without the intervention of a jury, if the finding is to be against the plaintiff, the Court would not decide the case in recess, unless by the terms of the submission there was a waiver of the right to be called in order that plaintiff might suffer a *non pros.* at the last moment. In the case of *Ecker vs. First National Bank of*

*New Windsor*, 62 *Md.*, 520, we have a case where the practice of deciding in recess was pursued, and though the case was before this Court on a writ of error, the practice was not discountenanced. That was not, however, assigned as error, and was not passed upon except inferentially. The practice had so well obtained, that the distinguished counsel in that case did not make that a ground of error. That which was assigned, the Court said ought, on motion, to have been corrected below. It is a practice which greatly promotes the dispatch of business, and, properly guarded and pursued, can be productive of no evil consequences, where parties or counsel are notified, as they were in this case, and as Courts would always see was done, of the action taken, or decision made.

We see nothing in the cases cited by the appellant's counsel which prevents the adoption of this construction of the statute. With the written order before the clerk to be accurately pursued, and to guide him, there is less danger of erroneous entry than when taken from the Court verbally as done in open Court. The statute uses the term "orders" without qualification. It does not restrict to the passage of orders *nisi*, or conditional orders. An order is a direction of the Court which is binding. All judgments presume an order of Court for their entry, and all judgments are enforced as the judgments of the Court; yet all judgments are not entered by the Court's immediate direction, or in its presence. By section 47 of Article 18 of the Code, in the absence of the Judge at any regular adjourned session of the Court, the clerk may, with the assent of counsel, enter judgment "on the appearance, trial or reference dockets." If this may be done, and the judgments so entered may, with propriety, be enforced as judgments of the Court, and as if entered "under the Court's eye," certainly there can be no impropriety in sustaining a judgment entered in obedience to the written order of the Judge and strictly

Mayor, &c. of Frostburg *vs.* Tiddy.

pursuing it. The term "orders" as applying to chancery proceedings, and as used in section 22 of Art. 5 of the Code was held, in *Bull vs. Pyle*, 41 *Md.*, 419, to include *decrees.* At common law, of course, a judgment is not strictly an *order*, but it is the final determination in *pursuance* of the Court's *order;* and the term "orders" used in the 45th section of Article 29 of the Code, we understand to mean any order on the law side of the Court, in any case then pending, and must include both preliminary and final orders, for there is no distinction or restriction made. The Court or Judge is given power to send for and bring the papers from their proper custody to him, whenever he may be in his circuit, for the purpose of passing the required order advisedly.

It has been argued that because section six of Article 29 of the Code gives power to the Judges to order judgment by confession to be entered in recess, the power to enter any other kind of judgment is, by necessary implication negatived; and that section 45 of same Article, must yield to the implication derived from this section. We do not think this a sound view. The sections are to be construed together as part of the same Article. They provide for different things. Section six provides a method by which a case not on the docket when the Court adjourned, may be put on the docket and judgment entered therein as if the Court was in session. Section 45 provides for some direction and order in a case already pending upon the docket. They are in no conflict. The first is derived from the Act of 1801, chapter 74, as modified by the Act of 1858, chapter 363. Section 45 is derived from the Act of 1852, chapter 16, as now amended by the Act of 1884, chapter 27, and was intended still further to enlarge the powers of the Circuit Courts and Judges in recess. This last enactment does not affect the first in the slightest degree ; and the first enacted cannot be held as restrict-

ing the interpretation of the last law.    There was no
error in refusing to strike out the judgment.

*Judgment affirmed.*

(Decided 15th May, 1885.)