ALEXANDER F. HAYS *vs.* THE PHILADELPHIA, WILMINGTON AND BALTIMORE RAILROAD COMPANY.

*Insufficiency of Verbal Order For an Appeal Not Given in Open Court —Orders of a Judge Not Sitting in Open Court—Correction of Court Records.*

The sittings of a September Term of a Circuit Court ended on October 7th, when the jurors were finally discharged. On October 16th, the Judge before whom this case had been tried at that term overruled a motion for a new trial while in his private office and not in the presence of the clerk of the Court. The appellant's counsel said that he would appeal. The Judge gave the papers in the case to this counsel directing him to hand them to the clerk and to direct the clerk to enter upon the docket the motion for a new trial overruled, judgment for the defendant and an appeal by the plaintiff. The appellant's counsel carried out his instructions and on that day verbally instructed the clerk to enter an appeal. The clerk did not then make the entry. The term of office of the Judge before whom the case was tried ended in November. In the following April another Judge of the Court passed an order directing the clerk to enter an appeal in this case as of October 16th, and the following entry was made: "April 11th, 1904. Prayer for appeal by plaintiff in open Court to the Court of Appeals from judgment of

October 16th, 1903, filed as of October 16th, 1903, per order of Court."
*Held,* that the verbal order for an appeal was not given in open Court and was not entered within the time limited by statute and did not constitute the taking of an appeal.

*Held,* further, that although a correction of the record by order of the trial Judge imports absolute verity, yet that principle is not applicable in this case because the order of April correcting the record was not made by the trial Judge but by another Judge who cannot be presumed to know best what occurred at the trial.

Verbal orders may be given to the clerk in open Court to be then entered upon the docket. An open Court contemplates the presence of the Judge and the clerk of the Court or a deputy, the regular opening and closing of the Court and the presence of the clerk's docket upon which should be entered, under the eye of the Court, the successive steps taken in open Court in each case. Such steps as may be taken in recess should be evidenced by the written order of the Court noted upon the docket.

A Judge has full power to correct the record of the proceedings before him so as to make it a full and true account of what actually occurred. The correction of the record rests in the sound discretion of the trial Judge and its use cannot be reivewed on appeal. But this principle is not applicable to the correction of a record made by another Judge of the Court before whom the proceedings were not conducted.

Appeal from the Circuit Court for Harford County (WAT-TERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*J. J. Archer,* for the appellant.

*Thos. H. Robinson,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

The appellant in this case brought suit against the appellee in the Circuit Court for Harford County to recover damages for personal injuries caused by the alleged negligence of the appellee, and the verdict and judgment being in favor of the appellee, this appeal was taken.

The appellee has moved to dismiss the appeal, on the following grounds:

1st. That no appeal was actually taken from the judgment of the lower Court;

2nd. That no written order for appeal was ever filed;

3rd. That no verbal order for appeal was entered on the docket;

4th. That the verbal order for appeal alleged to have been given on the day the judgment was entered on the docket, was given to the clerk at a time when the Court was not in actual session, and was not entered on the docket until more than two months after the entry of the judgment.

With this motion was filed a certificate of the clerk of the Court that the September Term, 1903, of the Court commenced on the second Monday, of that month, that the jurors were finally discharged October 16th, 1903, and the next session of that Court commenced on the second Monday of November, 1903; that the motion for new trial was overruled and the judgment entered October 16th, 1903, and that on that date appellant's attorney handed to him the papers in the case, stating that he desired to enter an appeal, and directed him to make out the record and transmit it to the Court of Appeals; that he did make out and transmit the record, but omitted to enter the prayer for appeal until January 27th, 1904, when, his attention being called to the omission, he entered the same on the docket as if made October 16th 1903.

With the motion to dismiss was also filed an affidavit of appellee's counsel, stating that the motion for a new trial was submitted without argument to JUDGE WATTERS, then one of the Judges of that Court, and before whom *alone* the cause had been tried, on October 16th, 1903, at his private office in the Masonic Temple at Bel Air, the county seat of Harford County; that the motion was then and there overruled, by an order in writing signed by the Judge (a copy of which duly certified was filed with the affidavit) and that said order was at once taken by the affiant to the clerk, and filed and entered on the docket; but that no other order, either written or oral, was given by the Court, and the clerk of the Court was not present, and the Court docket was not before the Judge, and Court was not in session at the time.

On April 12th, 1904, a writ of diminution was granted the appellant to enable him to bring up an amendment which had been made to the record, and from this diminution record it appears that the Circuit Court for Harford County on April 11th, 1904, upon the petition of appellant's counsel, and the accompanying affidavits, directed the clerk to correct the record in this cause, by entering upon his docket therein, "a prayer by the said plaintiff, Alexander F. Hays, for an appeal from the judgment in said cause rendered October 16th, 1903, to the Court of Appeals of Maryland, as of said 16th day of October, 1903."

This order was made by JUDGE BURKE, the term of JUDGE WATTERS having in the meantime expired, and was based upon the following evidence: 1st. An affidavit of appellant's counsel stating that when the motion for a new trial was overruled by JUDGE WATTERS, the Judge then handed him the papers, directing him to hand them to the clerk, and to direct the clerk to enter upon the docket, "the motion for a new trial overruled, judgment for the defendant, and an appeal by the plaintiff," and that he carried out these instructions, and on that day "took an appeal for the plaintiff from the judgment in said cause, in open Court, before JUDGE WATTERS, after said Judge had overruled said motion for a new trial, and had given judgment for defendant, and then requested the clerk to make out and transmit the record."

2nd. An affidavit of JUDGE WATTERS confirming in every respect the facts alleged in the foregoing affidavit, so far as relates to his own directions, and the taking of the appeal.

3rd. A certificate of the Clerk of the Court, stating that on October 16th, 1903, "the motion for a new trial was overruled and judgment entered on the verdict, and thereupon appellants' attorney, on said date, handed the papers in the case to the clerk, and stated he desired to enter an appeal, and directed him to make out and transmit the record to the Court of Appeals. That the clerk, thereupon, considering an appeal intended, made out and transmitted the record, but omitted to enter on his docket the prayer for an appeal till

subsequently, when his attention being called to the fact, he made the entry accordingly."

The diminution record shows the following entry: "April 11th, 1904. Prayer for appeal by plaintiff *in open Court* to the Court of Appeals from judgment of October 16th, 1903, filed as of October 16th, 1903, per order of Court."

Subsequently, on April 14th, 1903, JUDGE WATTERS filed a second affidavit, stating that the September Term of that Court convened on the 2nd Monday of September, 1903; that the jury was discharged October 7th, 1903, after which the September Term was adjourned from day to day until the 2nd Monday in November, 1903, when it was finally adjourned, and the November Term began; that at a session of said September Term held by him on October 16th, 1903, the appellant took an appeal in said cause, before him in open Court, to the Court of Appeals from the judgment rendered by him that day on the verdict, after he had overruled the appellant's motion for a new trial, which he had previously set down for hearing on that day at request of appellee's counsel, and JUDGE BURKE having directed the clerk to file said additional affidavit, the clerk has certified the same, with said order at the request of appellant's counsel as an addition to the diminution record.

The question of practice involved being one of importance as a possible precedent, and the facts being somewhat peculiar, we have set them out fully that there may be no misapprehension as to the ground and scope of our decision.

In *Gaines* v. *Lamkin,* 82 Md. 129, where there was no amendment of the record the question before the Court as stated by the late CHIEF JUSTICE ROBINSON, was "whether a mere verbal order for an appeal, *not entered of record* till after the expiration of two months from the date of the judgment, is an appeal properly taken within the meaning of the Code," and the conclusion of the Court was that "every safe and sound principle of construction requires us to hold that where a mere verbal order for an appeal is given, not in open Court, *the entry of the appeal* must be made within the time limited

by the statute." The italics are those of the opinion quoted. A closely analogous question was considered upon a motion to dismiss an appeal in *Livers* v. *Ardinger*, 90 Md. 36, where also there was no amendment of the record. In that case, the February Term of the Circuit Court for Washington County met on the 13th of that month, and the regular sitting of the Court continued until March 22nd, when the petit jurors were discharged for the term. During this period, the judgment appealed from was rendered. A rule of that Court provides that "in every case, unless otherwise expressly ordered by the Court, bills of exception shall be prepared and submitted to the Court during the sittings of the term at which such bills of exception shall be taken." The bill of exception in that case was presented to the Judges on the 10th day of April for their approval and signature, and the question thus presented, was whether the Court was then "sitting" within the meaning of the rule.

The Court said, "An inspection of the record will show that the February Term of the Washington County Court was never formally adjourned until the May Term actually began. After the continuous sittings from day to day ceased; after the jury was discharged for the term, and, presumably, after the general business, as indicated by the calendar, had been disposed of, there were sittings on special days during which special matters were attended to; as for instance, on one occasion a motion to quash was heard; on another, several parties were sentenced to various terms of imprisonment; on another, jurors for the ensuing term were drawn, and on other occasions nothing at all. Can these special sittings be parts of the "sittings of the term" as contemplated by the Court which prepared and established the rule? * * * * According to the practice throughout the State, the Circuit Courts meet on the first day of the term, and continue their sessions from day to day until they have disposed of all the cases on their several dockets. These sittings are those that are referred to in the rule, by the use of the words "the sittings of the terms," but they do not include special sittings held after

"the sittings of the term" for the purpose of keeping the Court in session during the term, for the transaction of such business as may arise from time to time, after the regular sitting has ended." The appeal was accordingly dismissed.

In the present case, the *session* of the Court, or its *sitting*, upon the most liberal construction of the word, was over when the Judge signed the order overruling the motion for new trial, and delivered the papers in the case to appellant's counsel to be returned to the clerk. The order overruling the motion for a new trial, being in writing, was valid and effective under sec. 37, of Art. 26 of the Code of Public General Laws, as construed in *Mayor of Frostburg* v. *Tiddy*, 63 Md. 514. But here, as in the *Frostburg case*, there was no judgment *nisi* already entered on the verdict, "so as to become final as matter of course" upon the overruling of the motion for new trial, and the judgment in this case must therefore be treated "as first and finally entered upon and pursuant to the Court's order," a verbal order, not given directly by the Judge to the clerk to be entered upon the docket under the eye of the Court, but transmitted to the clerk through the plaintiff's attorney, and entered upon the docket under his direction, and out of the presence of the Court. The case is thus left wide open to the danger of "erroneous entry" alluded to in the *Frostburg case, supra*, p. 518. In our opinion, an "open Court" contemplates the presence of the Judge, and the Clerk of the Court, or a duly qualified deputy, the regular opening and closing of the Court, and the presence of the clerk's docket, upon which should be entered, under the eye of the Court the successive steps taken in open Court in each case. Such steps as the statutes, or established practice, may allow to be taken in recess, should be evidenced by written order of Court noted upon the docket by an appropriate entry made at the time. We must therefore express our disapproval of the course pursued in this case by the trial Judge, as disclosed by the affidavits and certificates filed with this motion.

But we are confronted with the amended record produced under the writ of diminution, which declares that all the steps

questioned in this proceeding were taken in open Court, and it is therefore necessary carefully to inquire and determine the effect of this amended record upon the judgment to be pronounced. The general principles governing this question may be said to be well settled.

In 17 *Enc. Pl. & Pr.*, 909, it is said, "as a record is a history of a Court's proceedings and transactions, it is perforce invested with power to amend or correct its proceedings, *to make them speak the truth,*" and this language is approved in *Aetna Fire Ins. Co.* v. *Boon*, 95 U. S. 117. In our own Court, in *Greff* v. *Fickey*, 30 Md. 77, it was said, "If he (the Judge) is satisfied either from his own knowledge of what had actually occurred in the progress of the cause, or from evidence adduced, that the docket entries as made by the clerk were erroneous or incomplete, it was within his power, and his plain duty, to have them corrected, so that a full, *true*, and perfect transcript of the whole proceedings as they actually occurred in the progress of the cause, might be sent up in obedience to the writ." And again, in *Waters* v. *Engle*, 53 Md. 179, in speaking of the power of the Court to correct on error of the clerk in making entries affecting the execution of a judgment, it was said, "It is clearly one of those common law powers incident to all Courts of record, and essential to their efficient existence." It is also held that such correction of a record may be made at any time, even after the record has been transmitted on appeal to a Superior Court, and the appeal is there pending (17 *Enc. Pl. & Pr.*, 922), as was done in the case now before us; and this seemingly wide extension of the power is seen to be justified, in order that the record to be considered on appeal, shall speak the truth as to the actual progress of the cause in the Court below. It is also a fundamental principle of appellate procedure that decisions of a trial Court resting in discretion will not be reviewed on appeal. (2 *Enc. Pl. & Pr.*, 410–12,) and that the correction of a record rests in the Court's sound discretion and is not the subject of review. 17 *Enc. Pl. & Pr.*, 926; *Brady* v. *Beason*, 6 Iredell, 25. This Court has said in *Greff* v. *Fickey*, 30 Md. 784,

"The Court of original jurisdiction, in which the proceedings were had must of necessity decide as to the correctness of its' own records; this Court has no power upon an appeal, either to review its decision or to undertake to determine in what respect a record transmitted to us is erroneous, or to correct it; to do so, would be to violate one of the plainest maxims of the law which forbids the verity of a record to be impeached by extrinsic proof." These authorities, and others of like import, have been urged upon us as conclusive that the motion to dismiss should be overruled, but upon full consideration we are constrained to hold that they are not applicable to the case before us, and that the language we have cited from 30 Md., *supra*, was not designed by the Court to control a situation such as is here presented.

Had the trial Judge in this case, *while still in office*, directed the clerk to make the docket entry of April 11th, 1904, this case would have been brought within the principle and control of *Greff* v. *Fickey*, *supra*, and the other authorities relied on by the appellant. The trial Judge is presumed to know better than any one else can, what took place in the progress of the trial before him, and when *he, still being Judge*, has ordered the record of the proceedings to be corrected, such corrected record "imports absolute verity, and cannot be contradicted by evidence, though by a witness of the best credit." *Adams* v. *Betz*, 1 Watts (Pa.) 427.

If this correction had been made by JUDGE WATTERS, in the exercise of his judicial office, this case would have come within the principle laid down in *Greff* v. *Fickey*, and we could not have considered the certificate of the clerk, nor the affidavit of Mr. Robinson for the purpose of contradicting such amended record. But the correction was not so made. It was not made at all by the trial Judge, because he was no longer in office and had no judicial power or authority. It was made by JUDGE BURKE, who was not present at the trial of the cause, and had no personal knowledge whatever of the progress of the trial, so as to ensure that the record should be so corrected as to speak the truth. In ordering the correction he

acted upon the clerk's certificate of April 8th, and the affidavits of plaintiff's counsel and of JUDGE WATTERS of April 9th, and when plaintiff's counsel exhibited to him an additional statement and affidavit of JUDGE WATTERS, made April 14th, he very properly directed the same to be filed with his previous order that it might be incorporated in the diminution record. No correction having been made by the trial Judge, and the Judge who did order the correction not even having been present at the trial and having no knowledge of what there occurred, it is impossible upon any sound principle of law or of common sense, that this correction can import the absolute verity attributed to a correction made by the trial Judge. Its verity can only be dertermined by resort to the certificates and affidavits upon which JUDGE BURKE acted and which are embraced in the diminution record. When these are examined, it is seen there is no conflict as to any statement of fact, and that all concerned agree that when the order was signed overruling the motion for a new trial, the Judge was not at the court house, but at his private office elsewhere, and that when, at the same time he directed plaintiff's attorney to hand the papers to the clerk with directions to enter judgment on the verdict for the defendant, and prayer for an appeal by the plaintiff, the clerk was not present nor was there any Court or clerk's docket before the Judge. We have already said that we are unable to agree with the view of JUDGE WATTERS that the prayer for this appeal was taken or entered in open Court, and it follows from what we have said that the appeal must be dismissed.

> *Appeal dismissed with costs to the appellee.*

(Decided June 8th, 1904.)