## ROLATER v. STRAIN.

No. 2801.   Opinion Filed November 14, 1911.

Rehearing Denied December 12, 1911.

(119 Pac. 992.)

1.   **APPEAL AND ERROR**—Statutory Provisions—Retroactive Operation. As a general rule, the right of appeal is governed by the law applicable thereto in force when the final judgment is rendered, and, unless it is evident from the terms of the statute which gives, modifies, or takes away the right of appeal that it was intended to have a retrospective effect, it has no application to causes in which final judgment had been rendered prior to the time the act in question was passed.

2.   **SAME**—Time for Taking Proceedings—Statutory Provisions—Retroactive Operation. The amendment to section 574, c. 66, St. Okla. 1893, provided for in chapter 18, Sess. Laws Okla. 1910-11, p. 35, reducing the time allowed for appeal from a judgment from one year to six months, does not operate, retrospectively, nor apply to judgments entered before its passage, but is limited in its operation to judgments thereafter entered. Therefore proceedings in error taken within one year from the entry of a judgment of a date prior to the passage of such amendment, even though more than six months has expired, will not be dismissed.

(Syllabus by the Court.)

*Error·from District Court, Oklahoma County;*

*G. W. Clark, Judge.*

Action by J. B. Rolater against Mattie Inez Strain. From the judgment, Rolater brings error. Motion to dismiss denied.

*Flynn, Ames & Chambers* and *Russell G. Lowe,* for plaintiff in error.

*E. G. McAdams* and *A. F. Moss,* for defendant in error.

DUNN, J.   This case presents error from the district court of Oklahoma county.   November 18, 1910, the jury in the trial court returned its verdict, and on December 10, 1910, judgment was duly entered thereon.   July 1, 1911, plaintiff in error filed his petition in error and case-made in this court.   July 24, 1911, counsel for defendant in error filed their motion to dismiss the appeal, and as ground therefor assert that this court is without jurisdiction to hear and determine the cause, for the reason that the judgment of the lower court from which the appeal is sought to be taken was rendered and entered on December 10, 1911, and that the cause was not filed in this court until July 1, 1911, six months and 21 days from the rendition of the judgment in the lower court.   To support their motion, counsel for defendant in error rely upon the provisions of chapter 18, p. 35, Sess. Laws Okla. 1910-11, which act is amendatory of section 574, c. 66, St. Okla. 1893.   The original act, to which the section relied upon is an amendment, provided that proceedings for reversing, vacating, or modifying judgments or final orders should not be begun unless within one year after the rendition of the judgment or making of the final order complained of, etc. The amendment referred to reduces the time so allowed from one year to six months within which such proceedings were required to be begun, and it is the contention of the counsel that, in view of the fact that this judgment was rendered more than six months prior to the time when the proceedings for reversing it were begun in this· court, it was brought too late, and hence no jurisdiction exists to entertain the same.   In this contention we·

are unable to agree. Counsel for neither party have briefed the proposition involved, and, although as a general rule this court renders no opinion where motion to dismiss is denied, the importance of this question and the likelihood of its recurrence has induced us to investigate it and write an opinion declarative of our views thereon.

There is no language in the act itself to cause us to believe that it was the design and intent of the Legislature that the same should be retroactive in its operation, and the general rule under such circumstances is, that it is to have a prospective operation only. *Good et al. v. Keel et al.,* 29 Okla. 325, 116 Pac. 777; 2 Lewis' Sutherland, Statutory Construction (2d Ed.) sec. 642. The same question which is presented here has been frequently presented in other states, and the almost uniform holding of the courts has been in accord with the conclusion to which we have come, and the rule may be stated generally to be that a statute reducing the time for taking an appeal does not apply to proceedings in which a judgment has been previously rendered, and that the right of appeal is governed by the provisions of law applicable thereto in force at the time when the judgment was rendered. 2 Standard Ency. of Procedure, 136, and cases cited; 2 Cyc. 520; *O'Bannon v. Ragan,* 30 Ark. 181; *Rankin v. Schofield,* 70 Ark. 83, 66 S. W. 197; *Pignax v. Burnett et al.,* 119 Cal. 157, 51 Pac. 48; *Melde v. Reynolds,* 120 Cal. 234, 52 Pac. 491; *Carr v. Miner,* 40 Ill. 33; *City of Davenport v. D. & St. P. R. Co.,* 37 Iowa, 624; *Rivers v. Cole,* 38 Iowa, 677; *Sammis v. Bennett,* 32 Fla. 458, 14 South. 90, 22 L. R. A. 48; *Davis v. Pender, Minor* (Ala.) 57; *Kerlinger v. Barnes et al.,* 14 Minn. 526 (Gil. 398); *Gompf et al. v. Wolfinger et al.,* 67 Ohio St. 144, 65 N. E. 878; *Trustees of Canaan Township v. Board of Infirmary Directors,* 46 Ohio St. 694, 23 N. E. 492.

The motion to dismiss is accordingly overruled.

All the Justices concur.