Jackman v. Atchison, T. & S. F. Ry. Co., 22 N. M. 422.

---

[No. 2021.    March 14, 1917.]
JACKMAN v. ATCHISON, T. & S. F. RY. CO.

. SYLLABUS BY THE COURT.

1.  Under section 4471, Code 1915, citation, where required, may issue any time before the return day of the appeal. P. 423

2.  As a general rule, the right of appeal is governed by the statute in force when the final judgment is rendered, and,

unless it is evident from the terms of the statute which changes the right of appeal that it was intended to have a retrospective effect, it has no application to causes in which final judgment has been rendered prior to the time the act in question was passed.                                    P. 425

Appeal from District Court, Dona Ana County; Medler, Judge.

Action by Royal Jackman against the Atchison, Topeka & Santa Fe Railway Company. Judgment for defendant, and plaintiff appeals. Motion to dismiss the appeal denied.

W. C. REID of Albuquerque and HOLT & SOUTHERLAND of Las Cruces, for appellee.

Appeal should be dismissed, because no move had been made by appellant towards taking of an appeal prior to time c. 77, Laws 1915, became effective.

C. 77, Laws 1915; Sec. 4471, Code 1915; Sec. 34, Art. 4, Const.; Wilson v. Kryger, 51 L. R. A. (N. S.) 760; Sanders v. Moore, 14 Bush. 97; Moss v. Hall, 1 Ky. L. 280.

J. H. PAXTON of Las Cruces, for appellant.

Appellant had one year to perfect appeal.

Sec. 4470, Code 1915; Sec. 4471, Code 1915; c. 77, L. 1915; Sec. 34, Art. 4, Const.; 33 Cent. Dig. Col. 937; Morris v. Duncan, 115 Am. St. R. 107; Ducey v. Patterson, 119 Am. St. 284; Jones v. Bank, 67 Pac. 177; Pignaz v. Burnett, 51 Pac. 48.

## OPINION OF THE COURT.

HANNA, C. J. [1] Appellee has moved to dismiss this appeal upon two grounds, namely, that citation was not issued within the period of one year from and after the rendition of the judgment, the record not showing that the appeal was taken in open court, and that the

order granting the appeal was made more than six months after section 1 of chapter 77 of the Laws of 1915 had become effective. This statute shortened the time of appeal from one year to six months after the date of the final judgment.

The memorandum filed by appellee fails to disclose any case holding that under our statute, or statutes similar thereto, citation must be issued within one year from the date or entry of judgment, nor in such written memorandum is any reference made to this first point. Section 4471, Code 1915, which is a part of an act passed in 1907, among other things, provides the following:

" * * * When an appeal is taken, unless the same is taken in open court, which fact shall be shown by the record, citation shall be issued by the clerk of the district court directed to and citing the opposite party to appear in the Supreme Court and answer such appeal on the return day thereof."

The record fails to disclose that the appeal was taken in open court; hence the presumption is that it was not so taken, and in such event it was incumbent upon appellant to cause citation to be issued and served upon appellee. Childers v. Lahann, 18 N. M. 487, 491, 138 Pac. 202. The section of the statute, cited supra, it will be seen, does not specify in terms when the citation must be issued, but, in the case cited supra, it was held:

"When an appeal is taken in open court, the fact must be shown by the record, and when the record fails to so show, citation should issue and service be had on appellee prior to the return day."

In the case at bar the judgment was rendered on April 24, 1915, and entered on May 8, 1915. On April 17, 1916, motion for appeal was made and allowed by the court on April 21, 1916. Citation was issued on April 28, 1916, and served upon appellee's attorneys the same day. If an appeal was allowable at all, the return day thereof was 130 days after April 21, 1916, within which time citation must have been issued and served unless the same was excusable for good cause. Long before the return day citation was issued and served, and therefore we fail

to see any merit in the contention of appellee on this first question.

[**2**] The principal question, however, is whether this court has any jurisdiction of this cause. Appellee argues that no move whatever had been made by appellant towards the taking of an appeal prior to the time when section 1, ch. 77, Laws 1915, went into effect; hence the procedure on the appeal and the right thereto is governed by the said statute, rather than by section 4470, Code 1915. The section of the Code last cited was enacted in 1907, and provided generally that an appeal or writ of error might be sued out from a final judgment any time within one year from the date of the entry thereof. Section 1, ch. 77, Laws 1915; amended section 4470, Code 1915, by shortening the time in which appeals might be taken to six months from the date of any final judgment. Appellee contends that appellant lost any right of appeal he might have had because the motion for appeal was taken ten months after June 11, 1915, the time when section 1, ch. 77, Laws 1915, became effective. There is no language in chapter 77, Laws 1915, to cause us to believe that it was the design and intent of the Legislature that the same should be retroactive in its operation, and the general rule under such circumstances is that it is to have a prospective operation only. Rolater v. Strain, 31 Okl. 58, 119 Pac. 992. In this case the court had before it a similar question, and said:

"The same question which is presented here has been frequently presented in other states, and the almost uniform holding of the courts has been in accord with the conclusion to which we have come, and the rule may be stated generally to be that a statute reducing the time for taking an appeal does not apply to proceedings in which a judgment has been previously rendered, and that the right of appeal is governed by the provisions of law applicable thereto in force at the time when the judgment was rendered. 2 Standard Ency. of Procedure, 136, and cases cited; 2 Cyc. 520; O'Bannon v. Ragan, 30 Ark. 181; Rankin v. Schofield, 70 Ark. 83, 66 S. W. 197; Pignaz v. Burnett et al., 119 Cal. 157, 51 Pac. 48; Melde v. Reynolds, 120 Cal. 234, 52 Pac. 491; Carr v. Miner, 40 Ill. 33; City of Davenport v. D. & St. P. R. Co., 37 Iowa, 624; Rivers v. Cole, 38 Iowa, 677; Sammis v. Bennett, 32 Fla. 458, 14 South. 90, 22 L. R. A. 48; Davis v. Pender, Minor

(Ala.) 57; Kerlinger v. Barnes et al., 14 Minn. 526 (Gil. 398); Gompf et al. v. Wolfinger et al., 67 Ohio St. 144, 65 N. E. 878; Trustees of Canaan Township v. Board of Infirmary Directors, 46 Ohio St. 694, 23 N. E. 492."

Other authorities to the same effect will be found in the note to the case of Wilson v. Kryger, 51 L. R. A. (N. S.) 760. The author of the note says:

"It is a general rule of construction that statutes shortening the time within which appeals or proceedings in error can be taken do not, in the absence of language showing clearly a legislative intention to the contrary, apply to judgments, decrees, or orders rendered or entered before such statutes took effect."

We are aware that some courts hold that the statute shortening the period should be applied retrospectively if a reasonable time remains, while others hold that the new period governs, but that it should be computed from the time the statute took effect, and not from the time of the determination sought to be reviewed, but no good reason has been advanced for a departure from the majority rule, and we believe less uncertainty and confusion will result by adhering to it.

Appellant argues that his case was a "pending case" within the purview of section 34, art. 4, of the state Constitution, and for that reason the Legislature was powerless to change the provisions of the Appellate Procedure Act, in so far as his case was concerned, but we find it unnecessary to decide this question.

For the reasons stated, the motion to dismiss the appeal will be denied; and it is so ordered.

PARKER and ROBERTS, JJ., concur.