(No. 2110, December 7, 1917.)

## GOMEZ v. ULIBARRI.

### SYLLABUS BY THE COURT.

"Open court" ordinarily denotes a court in session organized for the transaction of judicial business. As used in section 4471, Code 1915, it anticipates the presence of the appellee or his attorney before the court. Held, that issuance and service of citation are rendered unnecessary, where record discloses that appellee contested question concerning right of appeal, and was before court when appeal was allowed.

Appeal from District Court, Rio Arriba County; E. C. Abbott, Judge.

Action by P. J. Gomez against Jose Dario Ulibarri. Judgement for plaintiff and defendant appeals. On motion to dismiss appeal. Denied.

A. B. Renehan, of Santa Fe, for appellant. E. P. Davices, of Santa Fe, for appellee.

### OPINION OF THE COURT.

HANNA, C. J.—The appellee, P. J. Gomez, has moved

to dismiss this appeal on two grounds. One is that the appeal was taken from an interlocutory order, and that the appeal has not been perfected as required in such cases. The other is that the record fails to show that the appeal was taken in open court; hence the appellant was required to have citation issued and served, which he did not do.

The first question needs but little discussion. It is contended that because the assignments of error are directed principally to the action of the court in making certain orders, which appellee insists are of an interlocutory nature, the appeal is really from such alleged interlocutory orders, hence should have been perfected in a certain prescribed manner. The answer to the contention is that the appeal was taken from a final judgment rendered by the trial court not from such alleged interlocutory orders. Whether appellant can review the decision on such alleged interlocutory matters in this appeal is a question not before us at this time.

The second ground of the motion proceeds upon the theory that the record does not show that the appeal was taken in "open court," and, no citation having been issued and served, the appeal should be dismissed. Under section 4471, Code 1915, citation must issue and be served upon an appellee, when the appeal is not taken in "open court." Where the record does not affirmatively show that the appeal was taken in open court, the presumption is that it was not so taken. Childers v. Lahann, 18 N. M. 487, 491, 138 Pac. 202; Jackman v. A., T. & S. F. Ry. Co., 22 N. M., 422, 163 Pac. 1084. The motion for the appeal in this case recites that the appellant prayed for the appeal in the presence of the attorney for the appellee. The order granting the appeal recites that the court heard the argument of counsel for both parties thereon. Since the enactment of section 103 of chapter 73 of the Laws of 1897, which appears as section 4185 in the Code of 1915, the district courts are always in session; terms of the court being retained for the purpose of jury trials only. Territory v. Armijo, 14 N. M. 205, 89 Pac. 267; Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; Coulter v. County Commissioners, 22 N. M. 24, 27, 158 Pac. 1087; First Na-

tional Bank v. Swartz, 22 N. M. 386, 162 Pac. 352. Section 4471, Code 1915, providing when citation is required and when it is not, was enacted in 1907, as section 2, chapter 57, Laws 1907. At that time the district courts were always in session, except for jury trials. The following cases, based on varying facts and circumstances, have defined the words "open court": Ex parte Branch & Co., 63 Ala. 383; State v. Bicknair, 118 La. 963, 43 South, 635; In re [Bloodworth-Stembridge Co. (D. C.) 178 Fed. 372; Gibson v. Singer Sewing Machine Co., 147 S. W. (Tex. Civ. App.) 285; Conover v. Bird, 56 N. J. Law, 228, 28 Atl. 428; Hays v. Philadelphia W. & B. R. Co., 99 Md. 413, 58 Atl. 439. In Hobart v. Hobart, 45 Iowa, 501, 504, the court discussed the meaning of the word "court," and said that the adjective "open" must be considered as conveying the idea that the court must be in session, organized for the transaction of judicial business.

The design of the Legislature obviously was to require that the notice of appeal should be given to the opposite party when the motion therefor was not made in open court. "Open court," in the sense in which the Legislature used the phrase in this act, denotes, not only a session of the court, organized for the transaction of judicial business, for that would not of itself accomplish the result intended by the Legislature, but also the presence of the parties or their attorneys. When both of these facts exist, then the Legislature provided no citation was necessary. The purpose of citation in this state is evidently to apprise the opposite party of the fact that an appeal has been taken. That is its principal object. In the case at bar the record shows that the attorney for the appellee was present when the appeal was granted, and that the granting of the appeal was a judicial act by a court in session and organized for the purpose of transacting judicial business. The record does not recite, as is usual, that the appeal was taken in open court, but does recite facts which make impossible any other conclusion than that it was in session and transacting judicial business. We do not mean to hold that, because a district court it always in session, no citation need be served. What we do hold is that,

where the record shows that the appellee contested the question of appeal, and had full knowledge that one was granted, and was before the court which was then in session and transacting judicial business, no citation in such cases is required. It would serve no useful purpose in such cases. We have only to look to the record to find that the appellee did have notice that an appeal had been taken from the judgment of the court, and that is sufficient to justify us in proceeding to determine the questions properly before us on the appeal. Any other conclusion would do violence to the purpose of section 4471, Code 1915.

The motion to dismiss the appeal is therefore denied; and it is so ordered.

ROBERTS, J., concurs. Parker, J., being absent, did not participate.