J. EVERETT MEURLING & another *vs.* GRACE C. DAVIS.

Plymouth.   May 2, 1950. — June 5, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court,* Appeal.

A telephone call to a register of probate by an attorney, in which the attorney stated that he "was going to appeal from" a decree and "intended to telegraph an appeal to . . . [the register] to be followed by a letter," had no standing in itself as a claim of appeal although it was followed by such a telegram and letter.

An appeal to this court from a decree of a Probate Court could not be based on a claim of appeal received at and docketed in the registry of probate more than twenty days after the entry of the decree, and the claim of appeal was properly ordered to be struck from the docket.

PETITION for adoption, filed in the Probate Court for the county of Plymouth on August 10, 1945.

A decree of adoption was entered. A claim of appeal by the respondent therefrom was ordered struck from the docket by *Stone,* J. The respondent appealed from such order.

*E. Auerbach,* (*E. M. Cummings* with him,) for the respondent.

*H. F. Blunt,* for the petitioners, was not called on.

WILLIAMS, J.   This is an appeal by the respondent from an order of the Probate Court for Plymouth County allowing a motion by the petitioners to strike from the docket of that court an entry of a claim of appeal filed by the respondent. The claim of appeal in question was from a decree of the court entered on January 31, 1949, granting leave

to the petitioners to adopt a child of the respondent. The twentieth day from the entry of the decree fell on Sunday and the last day for claiming an appeal therefore was Monday, February 21. In a report of material facts the judge states that the office of the register of probate closed at 4:30 P.M. on that date; that a telegram claiming an appeal was received on February 23 at 10:05 A.M.; that a letter also claiming an appeal was received on February 23; and that the time for appeal had expired on February 21 at 4:30 P.M. The judge also states that a "certificate by the register of probate" is on file, "showing the facts relating to this appeal, and is hereby made a part of the record in this case." This certificate recites that the register received at his office in Plymouth a telephone call from the respondent's attorney in Boston at 3:45 P.M. on February 21. The attorney said "that he was going to appeal from the decree of adoption entered in the case," and "that he intended to telegraph an appeal to me to be followed by a letter which would include an order for preparation of the record." The claim of appeal was docketed on February 23.

The telephone call on February 21 has no standing as a claim of appeal. *Friscoville Realty Co.* v. *Police Jury of Parish of St. Bernard*, 124 La. 589. *Hays* v. *Philadelphia, Wilmington & Baltimore Railroad*, 99 Md. 413. The claim must be filed in the register's office within the twenty days allowed for filing such claim. G. L. (Ter. Ed.) c. 215, §§ 9, 10. *Grant* v. *Pizzano*, 264 Mass. 475. *Golden* v. *Crawshaw*, 302 Mass. 343.

The entry of the claim of appeal on the docket as of February 23 appears to have been in accordance with the facts but the respondent was not injured by the order to strike it from the record. A claim of appeal filed after the period permitted by statute could not form the basis of an appeal to the Supreme Judicial Court.

*Order affirmed.*