[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Willow Springs Property Group, formerly known CT Page 10264 as BRT Property Group, is the owner of sixty-one units at the Willow Springs Condominium complex in New Milford, Connecticut. The plaintiff brought this action against the defendants, Sondra Cherney, Paul Marr and Robert Davenport, three officers and members of the board of directors of the Willow Springs Condominium Association, in four counts, alleging that the defendants violated their statutory and common law duties to act with reasonable and ordinary care in their roles as officers and directors, engaged in malicious, willful and wanton disregard of the plaintiff's rights as a unit owner and conspired to injure the plaintiff's rights as a unit owner.
The plaintiff had previously filed a lawsuit against the Willow Springs Condominium Association itself, alleging in seven counts that the association mismanaged the affairs of the complex and "breached its duties and obligations by refusing to act in the best interest of the unit owners . . . ," engaged in conduct that was willful, wanton and in reckless disregard of the plaintiff's rights, defamed and slandered the plaintiff and engaged in mismanagement with regard to the decking around the complex.[1]
On June 18, 1997, the defendants filed a motion to dismiss the present action on the grounds that the previous action and the present action are "virtually alike."[2] In their memorandum of law and reply memorandum, the defendants argue that the parties are the same in the two law suits because the defendants here are being sued only in their capacity as representatives of the association that is the defendant in the prior action, and "[a] suit against officers and directors is in effect a suit against the corporation." Moreover, the defendants maintain that "the plaintiff is seeking adjudication of the same issues in both cases," and "[t]he plaintiff does not ask for anything in this new lawsuit that it has not already requested in the prior pending action."
The plaintiff filed two memoranda in opposition to the defendants' motion, arguing that the two lawsuits involve different parties because the present action involves the three officers and directors in their individual capacities, and not simply as representatives of the association. More specifically, the plaintiff argues that it has alleged that the defendants I exceeded their official capacity by "pursuing a vendetta against the developer of the project" and by "holding . . . clandestine meetings and . . . adopt[ing] policies and procedures that were CT Page 10265 undertaken without proper notice, without proper authority and in direct violation of the Association bylaws." The plaintiff further argues that the prayers for relief in the two lawsuits "while in some ways similar" are not identical. In its second memorandum, the plaintiff states that "discovery in the two actions is likely to involve many of the same documents and individuals" and that it intends to file a motion to consolidate the two actions.
The prior pending action rule states "that when two separate lawsuits are virtually alike, the second action is amenable to dismissal by the court." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1985). "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." (Internal quotation marks omitted.) Id. "To determine the applicability of the doctrine, we must examine the pleadings to ascertain whether the actions are virtually alike." Gaudio v.Gaudio, 23 Conn. App. 287, 295-96, 580 A.2d 1212, cert. denied,217 Conn. 803, 584 A.2d 471 (1990).
An examination of the complaints in the two actions demonstrates that the suits share the same character, the same parties and the same goals. In the present action, the plaintiff seeks reparation for the alleged mismanagement of the three defendants with regard to their roles as agents of the Willow Springs Condominium Association, which conduct the plaintiff alleges has caused it damages in the form of lost market value of the condominium units and associated costs. The plaintiff also seeks a permanent injunction to prevent the defendants from "continuing to engage in the mismanagement of Willow Springs Condominium."
In the prior action, the plaintiff sought reparation for the alleged mismanagement by the condominium association itself and maintained that it suffered damages in part from the loss of market value of the units. Moreover, the plaintiff also sought equitable relief in the form of declaratory judgments and injunctions to order the defendant, inter alia, to "conduct the business of the Association according to the bylaws governing the community." Essentially, while the first suit encompassed some allegations that the plaintiff did not include in the present CT Page 10266 suit, such as defamation, the present suit addresses only issues that the plaintiff already alleged in the first suit.
The court is not persuaded by the plaintiff's argument that the individual defendants are different parties from the condominium association. In making this argument, the plaintiff relies on Medgansis v. Bridgeport Roman Catholic Diocesan Corp.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335983 (April 17, 1997, Hartmere, J.), which holds generally that "[e]mployees of a corporation acting in the scope of their employment cannot conspire with one another or with the corporation that employs them," and that "simply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation." (Internal quotation marks omitted.) However, the court there noted that federal courts recognize two exceptions to these rules. Id.
The first exception, recognized by the Connecticut District Court and the Second Circuit Court of Appeals, requires the plaintiff to allege that an agent of the corporation has an independent personal stake in achieving the corporation's illegal objective. Medgansis v. Bridgeport Roman Catholic Diocesan Corp.,
supra. In the present action, while the plaintiff has alleged that the individual defendants engaged in conduct not proper for the agents of a corporation, such as "pursuing a vendetta" or "holding clandestine meetings," the plaintiff has failed to allege what, if any, personal stake the defendants might possibly have in this behavior. Therefore, the plaintiff has not met the requirements of the first exception.
The second exception requires the plaintiff to allege that the acts of the corporation's agents or employees were unauthorized. Medgansis v. Bridgeport Roman Catholic DiocesanCorp., supra. However, the court in Medgansis stated that this second exception "is not recognized by either the Connecticut District Court or the Second Circuit Court of Appeals." As such, the court does not address any facts pertaining to such exception. Therefore, the defendants in the present action are not separate entities from the Willow Springs Condominium Association sued in the earlier action. "Any misconduct of the board of directors acting on behalf of the corporation as its agent is imputed to the corporation itself." HarborwalkAssociation, Inc. v. Errato, Superior Court, judicial district of Middlesex at Middletown, Docket No. 69638 (May 20, 1994, Walsh, CT Page 10267 J.), citing Goodspeed v. East Haddam Bank, 22 Conn. 530, 540,58 A. 439 (1853).
Although the two sets of actions do not seek identical remedies, "the fact that different relief is sought does not prevent dismissal of a second action adjudicating the sameunderlying rights." (Citation omitted; internal quotation marks omitted.) Gaudio v. Gaudio, supra, 23 Conn. App. 296. Because the two suits will of necessity cover the same facts and address the same issues, the present action will adjudicate the same underlying rights as exist in the prior action. As such, the prior pending action doctrine applies, and the defendants' motion to dismiss is granted.
Leheny, J.